250 F.3d 716 (9th Cir. 2001)
 LAW OFFICES OF JONATHAN A. STEIN, PLAINTIFF, v. CADLE COMPANY; BRUCE WILBANKS; FUERTE CORPORATION, DBA QUICKSILVER AIRCRAFT; RONALD J. MANDELL, DEFENDANTS, AND UNITED STATES OF AMERICA, DEFENDANT-APPELLEE,
v.
RANDALL WELTY, DEFENDANT-APPELLANT.
 No. 99-56751
 UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
 Argued and Submitted April 17, 2001
Filed May 10, 2001
 
 Walter Tribbey, La Verne, California, for the defendant-appellant.
 Thomas J. Clark, United States Department of Justice, Tax Division, Washington, D.C.; Rachel I. Wollitzer, United States Department of Justice, Tax Division, Washington, D.C., for the plaintiff-appellee.
 Appeal from the United States District Court for the Central District of California Stephen V. Wilson, District Judge, Presiding D.C. No. CV-97-05551- SVW-JGx
 Before: Harry Pregerson, Ferdinand F. Fernandez, and Susan P. Graber, Circuit Judges.
 OPINION
 Fernandez, Circuit Judge.
 
 
 1
 The district court determined that the Federal Priority Statute, 31 U.S.C. § 3713,[1] gave the United States the right to be paid first from a fund of its judgment debtor, Quicksilver Enterprises, Inc. That determination resulted in precluding Randall Welty, who was also a judgment creditor of Quicksilver, from receiving any amount whatsoever from the fund. He appeals and asserts that the Federal Tax Lien Act, 26 U.S.C. §§ 6323,[2] should have been applied instead. We affirm.
 
 BACKGROUND
 
 2
 Lyle Byrum was the President and Chief Executive Officer of Quicksilver, which had been engaged in the manufacture of ultralight and experimental aircraft before it became insolvent. He had previously incurred a significant tax liability to the United States, and the Internal Revenue Service attempted to levy upon his compensation. Quicksilver refused to honor the levy and continued to pay the compensation to Byrum. The United States then sued Quicksilver to enforce the levy and on January 31, 1996, obtained a judgment of $371,130.01 against it pursuant to 26 U.S.C. §§ 6332(d).
 
 
 3
 As it happened, Quicksilver was then involved in litigation against the Riverside County Flood Control and Water Conservation District in the Superior Court of the State of California for the County of Riverside, in which it sought to recover for damages arising out of the flooding of its facilities. On June 5, 1996, the United States filed a notice of lien and a copy of its judgment in the Superior Court action, as is provided by California law. See Cal. Civ. Proc. Code §§ 708.410.
 
 
 4
 In the meantime, Welty had sued Quicksilver and obtained a $533,620 judgment against it in an unrelated matter. On March 28, 1996, he filed that judgment with the California Secretary of State. See Cal. Com. Code §§ 9401. On September 30, 1996, he also filed a notice in the Superior Court action.[3] The Quicksilver fund was then interpled, and in due course the district court granted summary judgment to the United States on the basis that §§ 3713 gave the government priority over Welty. This appeal followed.
 
 JURISDICTION AND STANDARD OF REVIEW
 
 5
 The district court had jurisdiction over this removed action pursuant to 28 U.S.C. §§§§ 1331, 1335, and 1441. We have jurisdiction pursuant to 28 U.S.C. §§ 1291. We review de novo the district court's grant of summary judgment to the United States. See Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc); Berry v. Valence Tech., Inc. , 175 F.3d 699, 703 (9th Cir. 1999).
 
 DISCUSSION
 
 6
 As the facts show, this is a winner-takes-all case. If the United States has priority, its judgment will absorb the whole fund. If Welty has priority, his judgment will do so. Welty relies upon his March 23, 1996, filing with the California Secretary of State to obtain priority; the United States relies upon §§ 3713. The government does note that it obtained its judgment on January 31, 1996, and filed its notice in the Superior Court action on June 5, 1996. But Welty does not seek to rest his case on the assertion that he would have priority if §§ 3713 applies; he simply argues that it does not apply because §§ 6323 applies instead. It is to that narrow issue that we will direct our attention.
 
 
 7
 Let us start by setting forth the provisions of those statutes. In pertinent part, the former declares, in exceedingly broad terms, that "[a] claim of the United States Government shall be paid first when . . . a person indebted to the Government is insolvent and . . . an act of bankruptcy is committed." 31 U.S.C. §§ 3713(a)(1)(A)(iii). In pertinent part, the latter narrowly declares that "[t]he lien imposed by section 6321 shall not be valid as against any purchaser . . . or judgment lien creditor until notice thereof which meets the requirements of subsection (f) has been filed by the Secretary." 26 U.S.C. §§ 6323(a). Welty does not dispute the district court's determination that Quicksilver was insolvent and had committed an act of bankruptcy. Thus, he essentially concedes that §§ 3713 applies unless its sweep is limited by §§ 6323. Is it?
 
 
 8
 The Supreme Court has partially answered that question. See United States v. Estate of Romani, 523 U.S. 517, 118 S. Ct. 1478, 140 L. Ed. 2d 710 (1998). In Romani, the government sought to obtain priority over other creditors of a taxpayer by using §§ 3713 in a situation where it had not complied with §§ 6323. Id. at 519, 118 S. Ct. at 1480-81. The Court rejected that attempt. It pointed out the fact that§§ 6323 had been enacted long after the predecessor to §§ 3713 -- over 150 years later. It then said that "a specific policy embodied in a later federal statute should control our construction of the priority statute [§§ 3713], even though it[has] not been expressly amended." Id. at 530-31, 118 S. Ct. at 1486. And, it declared, "[t]here are sound reasons for treating the Tax Lien Act of 1966 as the governing statute when the Government is claiming a preference in the insolvent estate of a delinquent taxpayer." Id. at 532, 118 S. Ct. at 1487. The Court matched its action to that thought and held that "nothing in the text or the long history of interpreting the federal priority statute justifies the conclusion that it authorizes the equivalent of a secret lien as a substitute for the expressly authorized tax lien that Congress has said `shall not be valid' in a case of this kind." Id. at 534, 118 S. Ct. at 1488.
 
 
 9
 Therefore, Welty would certainly be correct, if the government's judgment were covered by §§ 6323. Unfortunately for his position, it is not. Section 6323 speaks only to the truly secret lien imposed by 26 U.S.C. §§ 6321. The latter section refers to the taxpayer in its declaration that "[i]f any person liable to pay any tax neglects or refuses to pay the same after demand, the amount . . . shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." Any doubt that §§ 6321 refers to the taxpayer when it speaks of a "person liable to pay any tax" is dispelled by the context in which it is nestled. The IRS is given the authority to assess taxes, and must do that in a particular manner. See 26 U.S.C. §§§§ 6201-6204. Thereafter, it must give notice to the taxpayer and demand payment. See id. §§ 6303. If the tax is not paid, the lien provided for in 26 U.S.C. §§ 6321 springs into being. Under §§ 6323, notice of that "secret lien" against the taxpayer's assets must be given. In fact, Romani involved just that sort of situation. The Court was dealing with a 26 U.S.C. §§ 6321 lien that covered the property of the taxpayer himself or, rather, the property of his estate. See Romani, 523 U.S. at 519-20, 118 S. Ct. at 1481. But the case at hand does not deal with that kind of secret lien at all.
 
 
 10
 This case involves a judgment against a company, Quicksilver, on account of its failure to surrender property subject to levy. See 26 U.S.C. §§ 6332(d)(1). Quicksilver did not fail to pay a tax; it failed to honor a levy. It did not become liable for a tax; it became liable for the value of the property it failed to turn over. Id. As the Sixth Circuit has pointed out, §§ 6332(d) is designed "to enforce the personal liability of [a person] for failure to honor the notice of levy." United States v. Weintraub, 613 F.2d 612, 616 (6th Cir. 1979); see also id. at 620. To put it another way, an action under that section is not "a suit for the collection of a tax. It is a suit to enforce personal liability for failure to surrender property belonging to a delinquent taxpayer." Commonwealth Bank v. United States, 115 F.2d 327, 330-31 (6th Cir. 1940); see also Weintraub, 613 F.2d at 616 n.9.
 
 
 11
 That distinction is fatal to Welty's position. When Quicksilver failed to honor the levy, liability followed, but not because it was responsible for the underlying taxes. Quicksilver did not become a taxpayer, or a person who owed taxes, when it failed to turn over Byrum's property to the government. Quicksilver's situation is no different from the usual plight of a person who does not honor a levy. If, for example, one refuses to honor a levy of execution on a tort judgment against a person who injured another in an accident, one does not become a person who owes damages for an inflicted injury. One simply becomes liable for the separate wrongdoing of failure to honor a levy. See, e.g., Cal. Civ. Proc. Code §§ 701.020 ("If a third person is required by this article to deliver property to the levying officer or to make payments to the levying officer and the third person fails or refuses without good cause to do so, the third person is liable to the judgment creditor . . . ."). That is what has happened to Quicksilver. In short, in this context Quicksilver is not a taxpayer, and the provisions of §§ 6323 do not apply.
 
 CONCLUSION
 
 12
 We do not undertake to explore all the arcane issues lurking in the hoary recesses of 31 U.S.C. §§ 3713. Rather, we answer only one question: Does 26 U.S.C. §§ 6323 control the determination of claim priority when the government has a judgment under 26 U.S.C. §§ 6332(d) against a person who failed or refused to honor a levy? We hold that it does not. Therefore, the district court correctly determined that the United States had §§ 3713 priority.
 
 
 13
 AFFIRMED.
 
 
 
 Notes:
 
 
 [1]
 Hereafter, when we refer to§§ 3713, it is to this provision.
 
 
 [2]
 Hereafter, when we refer to§§ 6323, it is to this provision.
 
 
 [3]
 The government now argues that Welty did not perfect his claim when he filed his notice with the Secretary of State. There could be something to that argument. See Bluxome St. Assocs. v. Fireman's Fund Ins. Co., 206 Cal. App. 3d 1149, 1156, 254 Cal. Rptr. 198, 202 (1988). However, the government made no such argument to the district court, and we decline to allow it to raise the issue for the first time on appeal. See Crawford v. Lungren, 96 F.3d 380, 389 n.6 (9th Cir. 1996); Broad v. Sealaska Corp., 85 F.3d 422, 430 (9th Cir. 1996); O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.), 887 F.2d 955, 957 (9th Cir. 1989).