LINEAS AEREAS ALLEGRO S.A. DE C.V., a Mexican corporation, Plaintiff—Appellant,

v.

PEGASUS AVIATION INC., a California corporation; Pegasus Aviation I, a Delaware corporation; Pegasus Aviation IV, a Delaware corporation; Pegasus Aviation V, a Delaware corporation; Pegasus Aviation Lease Securitization, a Delaware corporation; Pacific Aircorp 49877, a Delaware corporation; Pacific Aircorp 49904, a Delaware corporation; Pacific Aircorp 49741, a Delaware corporation; Airline Partner Services, Inc., a Florida corporation, Defendants—Appellees.

No. 03–17132.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 15, 2005.

Decided Aug. 12, 2005.

Molly Steele, Esq., Thompson & Knight, Dallas, TX, for Plaintiff-Appellant.

Dan W. Goldfine, Esq., Snell & Wilmer, LLP, George L. Paul, Esq., Susan M. Freeman, Esq., Lewis & Roca, LLP, Phoenix, AZ, for Defendant-Appellee.

Before: REAVLEY,* T.G. NELSON, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Lineas Aéreas Allegro, S.A. de C.V. ("Allegro") appeals two district court orders. The district court found Allegro to be in contempt for violating an enforcement order and awarded contempt sanctions against it. We have jurisdiction under 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the facts, we do not recount them here.

The district court acted well within its discretion when it found Allegro in contempt.[1] Allegro waived the arguments it

* The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *See Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir.1992) (stating that we review a court's finding of civil contempt for an abuse of discretion).

brings on appeal by not presenting them to the district court in connection with the contempt proceedings.[2] The fact that Allegro raised arguments about the effect of Mexican law in connection with the enforcement proceedings did not sufficiently raise those arguments to the extent contempt was at issue.[3] Moreover, at the contempt hearing, Allegro conceded that it had not complied with the enforcement order. Therefore, we affirm the district court's contempt finding.

The district court also acted within its discretion[4] in imposing contempt sanctions. At the contempt hearing, Allegro did not dispute the amount of loss that Pegasus asserted. Accordingly, we affirm the award of contempt sanctions. The district court retains jurisdiction over the liability and damages issues, and may modify or vacate its contempt order on the basis of further evidence or legal argument.

AFFIRMED.

---

2. See Peterson v. Highland Music, Inc., 140 F.3d 1313, 1325 (9th Cir.1998) (holding that a party waived a due process challenge to a contempt finding by not raising it below).

3. See In re E.R. Fegert, Inc., 887 F.2d 955, 957 (9th Cir.1989) (stating that an "argument must be raised sufficiently for the trial court to rule on it").

4. See Richmark, 959 F.2d at 1473 (stating that we review the amount of a court's civil contempt sanction for an abuse of discretion).

