In re E.R. FEGERT, INC., Debtor.

Dan O'ROURKE, Trustee, Appellant,

v.

SEABOARD SURETY COMPANY; Coral Construction Company, Inc.; Shotwell Paving Company, Appellees.

No. 88–4157.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 9, 1989.
Decided Oct. 18, 1989.

Gregory J. Jalbert, Southwell, O'Rourke, Jalbert & Kappelman, Spokane, Wash., for appellant.

Deborah D. Wright, Lane, Powell, Moss & Miller, Seattle, Wash., and Bruce R. Boyden, Woeppel, Hoover, Boyden, Spokane, Wash., for appellees.

Before ALDISERT,* WRIGHT and BEEZER, Circuit Judges.

* The Honorable Ruggero J. Aldisert, United States Circuit Judge for the Third Circuit, sitting by designation.

BEEZER, Circuit Judge:

Dan O'Rourke, as trustee for E.R. Fegert, Inc., appeals an affirmance by the Bankruptcy Appellate Panel of a summary judgment entered by the bankruptcy court in favor of defendants Coral Construction, Inc. and Shotwell Paving Company. O'Rourke sought avoidance of certain payments to the two companies as preferential payments. Seaboard Surety Company was joined as a third party and is an appellee in this appeal. The Bankruptcy Appellate Panel's opinion is published at 88 B.R. 258. We have jurisdiction pursuant to 28 U.S.C. § 158, and we affirm.

## I

In May of 1981, the United States Department of Transportation contracted with E.R. Fegert, Inc. to construct 4.6 miles of road in Oregon. Fegert subcontracted work on this project to Coral Construction, Inc. and Shotwell Paving Company. Coral and Shotwell completed their work, but Fegert defaulted on its payments. Coral and Shotwell each instituted suit against Fegert and Seaboard Surety Company. Seaboard, as surety, executed a payment and performance bond on behalf of Fegert, as principal, pursuant to the Miller Act. 40 U.S.C. §§ 270a–270d.

Prior to trial in 1983, Fegert paid Shotwell $30,900.70 and Coral $51,700.50. This, combined with payments by Seaboard, satisfied the debt; the suits were dismissed with prejudice.

Within ninety days of its payments to Coral and Shotwell, Fegert filed a petition for relief under Chapter 11 of the Bankruptcy Code. The case was subsequently converted to Chapter 7 and Dan O'Rourke was appointed trustee.

In May of 1985, the Trustee commenced an adversary proceeding against Coral and Shotwell seeking to avoid the payments to them as preferential payments. Coral and Shotwell named Seaboard as a third party defendant, seeking indemnity if they

should be found liable to the Trustee. The Trustee and Coral and Shotwell entered into a stipulation of facts, to which Seaboard was not a party.

The Trustee, Coral and Shotwell, and Seaboard each moved the bankruptcy court for summary judgment. The bankruptcy court granted Coral and Shotwell's motion; the court thus found it unnecessary to rule on Seaboard's motion. The Trustee appealed to the Bankruptcy Appellate Panel. Seaboard did not file a brief or argue before the Panel. The Panel reversed the bankruptcy court. Seaboard filed a motion for a rehearing. The Panel recalled its decision and ordered supplemental briefing on the applicability of *Pearlman v. Reliance Insurance Co.*, 371 U.S. 132, 83 S.Ct. 232, 9 L.Ed.2d 190 (1962). In August of 1988, the Panel filed its amended opinion, affirming the bankruptcy court. *O'Rourke v. Coral Construction, Inc. (In re E.R. Fegert, Inc.)*, 88 B.R. 258 (9th Cir. BAP 1988). This appeal followed. Review is de novo. *Ragsdale v. Haller*, 780 F.2d 794, 795 (9th Cir.1986).

## II

### A

▮ A threshold question we must consider is whether the *Pearlman* argument[1] was before the Bankruptcy Appellate Panel. The Trustee argues that the argument was not raised in the bankruptcy court and therefore was not proper for consideration by the Panel. The Trustee also argues that new facts were introduced.

The rule in this circuit is that appellate courts will not consider arguments that are not "properly raise[d]" in the trial courts. *Rothman v. Hospital Service of Southern California*, 510 F.2d 956, 960 (9th Cir. 1975). There is no bright-line rule to determine whether a matter has been properly raised. *Compare, e.g., Trustees of the Amalgamated Insur. Fund v. Geltman Industries, Inc.*, 784 F.2d 926, 931 (9th Cir.), *cert. denied*, 479 U.S. 822, 107 S.Ct. 90, 93 L.Ed.2d 42 (1986), *with Simpson v. Union Oil*, 411 F.2d 897, 905 (9th Cir.),

*rev'd on other grounds*, 396 U.S. 13, 90 S.Ct. 30, 24 L.Ed.2d 13 (1969). A workable standard, however, is that the argument must be raised sufficiently for the trial court to rule on it. *See Inland Cities Express, Inc. v. Diamond Nat'l Corp.*, 524 F.2d 753, 755 (9th Cir.1975).

▮ The bankruptcy court did not rule on the applicability of *Pearlman* or invoke *Pearlman* in its decision. Nonetheless, it could have. The transcript of the February 13, 1986 hearing clearly shows that Seaboard argued the applicability of *Pearlman*. That the bankruptcy court did not rule on it is not controlling. We have ruled that intermediate appellate courts may consider any issue supported by the record, even if the bankruptcy court did not consider it. *Pizza of Hawaii, Inc. v. Shakey's, Inc. (In re Pizza of Hawaii, Inc.)*, 761 F.2d 1374, 1379 (9th Cir.1985); *see also Dandridge v. Williams*, 397 U.S. 471, 475 n. 6, 90 S.Ct. 1153, 1156 n. 6, 25 L.Ed.2d 491 (1970); *Computer Communications, Inc. v. Codex Corp. (In re Computer Communications, Inc.)*, 824 F.2d 725, 731 (9th Cir.1987).

The Trustee counters that, even if the *Pearlman* argument was properly raised, the Bankruptcy Appellate Panel was presented with new facts and that Coral and Shotwell are bound to the stipulated facts. The Trustee's argument fails to specify what new facts were introduced or how the stipulated facts affect a *Pearlman* argument.

▮ Seaboard brought up all of the facts necessary to support the arguments in the February 13 hearing. Whether these facts were supported by the record in this adversary proceeding is unclear; however, all of the facts are supported by the record of the underlying bankruptcy matter. We have not previously ruled on judicial notice of underlying bankruptcy records, although we have considered a variety of documents in our own appellate process. *See, e.g., Pizza of Hawaii*, 761 F.2d at 1380. The Fifth Circuit has, however, allowed judicial notice. *Wilson v. Huffman (In re Mis-*

---

**1.** The *Pearlman* argument is discussed in more    detail in section B.

*sionary Baptist Foundation of America)*, 712 F.2d 206, 211 (5th Cir.1983). The Bankruptcy Court for the Western District of Wisconsin provides a clear rationale for doing so:

> The record in an adversary proceeding in bankruptcy presumes and in large measure relies upon, the file in the underlying case. The record on appeal, for completeness and fair presentation of the issues to the appellate body, should therefore include those items from the record of the whole case which the parties agree upon.

*Berge v. Sweet (In re Berge)*, 37 B.R. 705, 708 (W.D.Wis.1983). We agree with this rationale, and hold that the Panel did not err by taking judicial notice of the underlying records.

The Trustee's argument that the stipulation precludes consideration of these issues is not persuasive. First, the issues are well within the stipulated issue, that being whether the payments to Coral and Shotwell are excepted under 11 U.S.C. § 547(c)(1). Second, Seaboard was not a party to the stipulation. Third, stipulations are not cast in concrete. Coral and Shotwell argued to the bankruptcy court that they entered into the stipulation inadvertently; under such circumstances we have allowed parties to withdraw from stipulations. *See United States v. Camp*, 723 F.2d 741, 745–46 (9th Cir.1984); *cf. United States v. McGregor*, 529 F.2d 928, 931–32 (9th Cir.1976). Finally, the Trustee does not explain how the stipulated facts preclude Seaboard's argument.[2]

### B

The Trustee argues that even if the issue were properly before the Bankruptcy Appellate Panel, the Panel erred. We disagree.

Section 547(b) of the Bankruptcy Code allows a trustee to avoid certain preferential payments that are made to or for the benefit of creditors within ninety days of filing for bankruptcy. *See Valley Bank v. Vance (In re Vance)*, 721 F.2d 259, 260 (9th Cir.1983). Some transactions, however, are excepted.

> The trustee may not avoid under this section a transfer to the extent that such transfer was—(A) intended by the debtor and the creditor ... to be a contemporaneous exchange for new value given to the debtor; and (B) in fact a substantially contemporaneous exchange.

11 U.S.C. § 547(c)(1).

■ The Bankruptcy Appellate Panel, in a short and very clear published opinion, found that the payments to Coral and Shotwell were excepted under section 547(c)(1). The Panel first found that Seaboard held a contingent claim against Fegert: if Coral and Shotwell had collected on Seaboard's bond, Seaboard would have had a subrogated right under the Miller Act for indemnification by Fegert. 88 B.R. at 259–60. The Miller Act was enacted "to protect those who would have materialmen's and workmen's liens under state law if they were not working on a structure exempt as a federal public work or building." *United Bonding Insur. Co. v. Catalytic Construction Co.*, 533 F.2d 469, 473 (9th Cir.1976). The Miller Act essentially puts the relationship between subcontractors and government on the same footing as that between subcontractors and private contractors. *See United States v. William F. Klingensmith, Inc.*, 670 F.2d 1227, 1232 (D.C.Cir. 1982).

In *Pearlman v. Reliance Insurance Co.* the Supreme Court held that, if a surety pursuant to the Miller Act pays subcontractors and materialmen, that surety has a subrogated right to contract balances.[3] 371 U.S. 132, 141, 83 S.Ct. 232, 237, 9 L.Ed.2d 190 (1962). The surety's right is superior, *United Bonding*, 533 F.2d at 475; the surety is subrogated to the equitable

---

2. Arguably, the stipulated facts put the payments to Coral and Shotwell within 11 U.S.C. § 547(b). The Trustee does not discuss whether this precludes exception.

3. Contract balances, or "retainage", are payments due the general contractor that are set aside to satisfy potential claims against the project.

lien that an unpaid subcontractor would theoretically[4] hold. *See In re Merts Equipment Co.*, 438 F.Supp. 295, 297–98 (M.D.Ga.1977); *Travelers Indemnity Co. v. First Nat'l State Bank*, 328 F.Supp. 208, 215 (D.N.J.1971).[5]

Fegert paid Coral and Shotwell in full. If Fegert had not paid Coral and Shotwell in full, those subcontractors would have been paid by Seaboard, and Seaboard would then have had an equitable lien against the contract balance. Two circuits have held that payments by a debtor in exchange for a secured creditor's release of its security interest falls within the exception of section 547(c)(1). *Gulf Oil Corp. v. Fuel Oil Supply & Terminaling, Inc. (In re Fuel Oil Supply & Terminaling, Inc.)*, 837 F.2d 224, 229–30 (5th Cir.1988); *Kenan v. Fort Worth Pipe Co. (In re George Rodman, Inc.)*, 792 F.2d 125, 127 (10th Cir.1986). The security interest constitutes the "new value" that is "contemporaneously exchanged" *Rodman*, 792 F.2d at 125. Significantly, the value of the debtor's estate is not diminished. *Fuel Oil*, 837 F.2d at 230; *see Brown v. First Nat'l Bank*, 748 F.2d 490, 491 (8th Cir.1984) (underlying rationale of section 547(c)(1) exception is that such payments do not diminish debtor's estate).

We agree with the Fifth and Tenth Circuits. The payments to Coral and Shotwell are excepted. By paying the subcontractors, Fegert avoided Seaboard's automatic and equitable lien. This constituted "new value," and placed the payments within section 547(c)(1).

### III

The issue of whether the payments to Coral and Shotwell were excepted was properly within the consideration of the Bankruptcy Appellate Panel. Those payments clearly fall within section 547(c)(1).

The Bankruptcy Appellate Panel is AFFIRMED.

---

**4.** Theoretically because the subcontractor has recourse to the surety.

**5.** There is no requirement that this equitable lien be perfected under the Uniform Commercial Code. *See National Shawmut Bank v. New Amsterdam Casualty Co.*, 411 F.2d 843, 849 (1st Cir.1969).