In re: James W. KEENAN, dba Data Property Services, Debtor,

Judy Keenan, Appellant,

and

James M. Keenan, dba/Data Property Services, Defendant—Appellant,

v.

Ross Pyle, Trustee—Appellee.

No. 99–56640.

D.C. No. CV–99–00326–TJW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 6, 2002.

Decided Feb. 27, 2002.

Before TROTT, THOMAS and WARDLAW, Circuit Judges.

MEMORANDUM *

Debtor James Keenan and his wife, Judy Keenan ("Keenans"), appeal the district court's decision affirming the bankruptcy court's order approving the settlement of a legal malpractice claim against Joel Pressman, Robert Kolodny, John Miller, Ronald Mix, and Kolodny & Pressman, A.P.C. (collectively "Kolodny"). The Keenans argue that the agreement is illegal because it is an assignment of a malpractice action. Because we find that the Kolodny agreement was merely a creative, as well as fair, settlement, we affirm.

"In an appeal from the district court's affirmance of a decision of the bankruptcy court, our role is essentially the same as that of the district court, and we are, in essence, reviewing the final order of the bankruptcy court." *Martin v. Kane (In re A & C Props.)*, 784 F.2d 1377, 1380 (9th Cir.1986). We review the bankruptcy court's order approving the trustee's proposed compromise of a claim for an abuse of discretion. *Id.*

The Keenans argue that the Kolodny agreement, originally entitled "Sale, Compromise, and Settlement Agreement," is illegal because California law forbids the sale of legal malpractice claims to third parties, including malpractice claims that

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

2

are assets of bankruptcy estates. *Baum v. Duckor, Spradling, Metzger*, 72 Cal. App.4th 54, 84 Cal.Rptr.2d 703, 709–13 (Cal.Ct.App.1999). The Kolodny agreement, however, did not violate the rule against assignment of malpractice claims. The agreement was simply a creative settlement. Although the original agreement may have been initially couched in terms of a sale, the substance of the agreement was a settlement of the claim. The trustee has subsequently amended the agreement to make it abundantly clear that it is a settlement, not a sale, of the malpractice claim.

The Keenans argue also that the agreement is void because more then ninety days passed before the agreement was confirmed by the bankruptcy court. We decline to address the issue because it was not raised before the bankruptcy court. *See Singleton v. Wulff*, 428 U.S. 106, 120, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976); *O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.)*, 887 F.2d 955, 957 (9th Cir. 1989).

Finally, we find that at the time of the motion to approve the Kolodny agreement, James Keenan's bankruptcy schedules elected the California Judgment Debtor exemptions and not the alternate Cal.Code Civ. P. § 703.140(b) exemptions. Thus, any lost future earnings are not exempt from the bankruptcy estate. James Keenan did not amend his schedules to reflect a changed election prior to the approval of the agreement and his attempt to do so approximately four months later is not before this Court on appeal.

Because the settlement agreement was legal and enforceable under California law and fair and equitable under the facts presented in the record, we affirm the district court's decision.

AFFIRMED.