Lisa Louise **GOLT**, Plaintiff–Appellant,

v.

**CITY OF LOS ANGELES; Bernard Parks, Defendants–Appellees.**

No. 04–57027.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2006.*

Filed Dec. 22, 2006.

Fed. R.App. P. 34(a)(2).

Frances L. Diaz, Esq., Beverly Hills, CA, Gary S. Casselman, Esq., Law Offices of Gary S. Casselman, Los Angeles, CA, for Plaintiff–Appellant.

Daniel P. Aguilera, Esq., Los Angeles City Attorney's Office City Hall East, Los Angeles, CA, for Defendants–Appellees.

Before: PREGERSON, THOMPSON, and TALLMAN, Circuit Judges.

MEMORANDUM **

Appellant Lisa Louise Golt appeals the district court's summary judgment in favor of appellees the City of Los Angeles and former Chief of Police Bernard Parks. Golt served for ten years as a member of the Los Angeles Police Department ("LAPD") until she was terminated in 2000

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

after taking disability leave in 1999 for psychological problems allegedly brought on by the appellees' retaliatory actions against her in response to her criticism of Chief Parks.

Golt asserts three claims under 42 U.S.C. § 1983—violation of her First Amendment rights, denial of equal protection, and denial of procedural due process—and one claim under the California Whistleblower Statute, California Labor Code section 1102.5. Golt additionally appeals the district court's evidentiary ruling excluding four of her proffered declarations.

We grant Golt's motion for judicial notice of a class action, filed in Los Angeles Superior Court and removed to the Central District of California, in which Golt was a named plaintiff. *Jones v. City of Los Angeles,* No. BC235706 (filed in Los Angeles Superior Court Aug. 24, 2000).

We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court's summary judgment in favor of the appellees.

We review de novo a district court's summary judgment, *Gammoh v. City of La Habra,* 395 F.3d 1114, 1122 (9th Cir. 2005), to determine "whether, viewing the evidence in the light most favorable to the nonmoving party, there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Lopez v. Smith,* 203 F.3d 1122, 1131 (9th Cir.2000) (en banc). We review the district court's evidentiary rulings in this case for abuse of discretion. *See United States v. Alvarez,* 358 F.3d 1194, 1205 (9th Cir.2004).

■ Appellees contend that Golt's § 1983 claims are barred by the applicable one-year statute of limitations under California law. *See Wilson v. Garcia,* 471 U.S. 261, 266, 280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985); *Levald, Inc. v. City of Palm Desert,* 998 F.2d 680, 688 (9th Cir.1993). However, the appellees waived the statute of limitations defense by failing to raise it in the district court "sufficiently for the trial court to rule on it." *In re E.R. Fegert, Inc.,* 887 F.2d 955, 957 (9th Cir. 1989); *see also* Fed.R.Civ.P. 8(c); *Perry v. O'Donnell,* 749 F.2d 1346, 1353 (9th Cir. 1984).

■ Golt erroneously contends that she may use as evidence of retaliation her arrests and convictions in Los Angeles County and Orange County for undertaking bail enforcement without a license in violation of California Insurance Code section 1800(a). We decline to permit her to do so. Any determination by this court that Golt's arrests and convictions were effected only for retaliatory purposes would "necessarily imply the invalidity of [her] conviction[s]," and that would be contrary to *Heck v. Humphrey,* 512 U.S. 477, 487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

■ The district court did not abuse its discretion in excluding Golt's four proffered declarations because the declarations were not grounded in the declarants' personal knowledge and lacked foundation, were outside the scope of permissible opinion testimony by a lay witness, and were not relevant. *See* Fed.R.Evid. 402; Fed. R.Evid. 701; *United States v. Pang,* 362 F.3d 1187, 1191–92 (9th Cir.2004); *Alvarez,* 358 F.3d at 1205.

■ In her first § 1983 claim, Golt contends she was terminated in violation of her First Amendment rights because of her critiques of Chief Parks. Golt's critiques, however, do not touch any issue of public concern, and thus do not support a cognizable First Amendment retaliation claim. *See City of San Diego v. Roe,* 543 U.S. 77, 80, 125 S.Ct. 521, 160 L.Ed.2d 410

(2004); *Connick v. Myers*, 461 U.S. 138, 147, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983); *Alpha Energy Savers, Inc. v. Hansen*, 381 F.3d 917, 923 (9th Cir.2004).

■ Neither the derogatory remarks that Golt made over her mobile data terminal ("MDT") about Chief Parks nor Golt's participation in the distribution of funeral request cards, requesting that Chief Parks not attend the funerals of LAPD officers killed in the line of duty, "plant[ed] the seed of a constitutional case" because these incidents of speech pertained only to an internal workplace grievance. *Connick*, 461 U.S. at 149, 103 S.Ct. 1684. "[T]he First Amendment does not require a public office to be run as a roundtable for employee complaints over internal office affairs." *Id.* The MDT transmission and the funeral protest did not "inform the public about any aspect of the [government body's] functioning or operation," *Roe*, 543 U.S. at 84, 125 S.Ct. 521, nor did they reveal any failure to discharge governmental responsibilities, illegal conduct, breach of the public trust, or misuse of public funds. *Connick*, 461 U.S. at 148, 103 S.Ct. 1684; *cf. Hufford v. McEnaney*, 249 F.3d 1142, 1149 (9th Cir.2001); *Johnson v. Multnomah County*, 48 F.3d 420, 425 (9th Cir.1995). Furthermore, the context in which the MDT transmission and the funeral protest were made indicates that Golt's motivation was to publicize her disagreement with the Chief and to try to unite the Force against him. *See Roe*, 543 U.S. at 83, 125 S.Ct. 521; *Alpha Energy Savers*, 381 F.3d at 925. Golt did not engage in expressive conduct to bring to light wrongdoing or to discuss the merits of a matter of public concern, but rather "to turn [her] displeasure into a cause célèbre." *Connick*, 461 U.S. at 148, 103 S.Ct. 1684.

Golt's proffered testimony at an internal disciplinary hearing in defense of a fellow officer accused of sexual harassment would have concerned only the specific incident of alleged harassment and would not have contributed to the "resolution of a[n] … administrative proceeding in which discrimination or other significant government misconduct is at issue." *Alpha Energy Savers*, 381 F.3d at 927.

■ In her second § 1983 claim, Golt contends she was denied equal protection because she was subjected to heightened scrutiny after she openly criticized Chief Parks and failed to abide by the LAPD's "Code of Silence." The record does not support this assertion. Golt's equal protection claim cannot survive summary judgment because she failed to present evidence that the LAPD "acted in a discriminatory manner and that the discrimination was intentional." *Bingham v. City of Manhattan Beach*, 341 F.3d 939, 948 (9th Cir.2003) (internal quotation marks omitted). Golt failed to link the adverse employment action to her speech; the LAPD sought Golt's termination only (1) after the Board of Rights had determined that Golt failed to stop and identify herself after being involved in a traffic collision and knowingly gave false and misleading statements during an internal investigation, (2) after an internal investigation into her off-duty use of pepper spray during bail enforcement activities resulted in a recommendation sustaining the allegations against her, and (3) after Golt had been arrested on felony charges in Los Angeles County for undertaking bail enforcement without a license. *See Gilbert v. Homar*, 520 U.S. 924, 932, 117 S.Ct. 1807, 138 L.Ed.2d 120 (1997).

■ In her final claim under § 1983, Golt alleges she was deprived of a protected property interest in her employment without constitutionally sufficient due process. The process due to Golt, however, after felony charges had been filed against

her, was minimal under the balancing test of *Mathews v. Eldridge,* 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). The LAPD did not have to grant Golt a pre-suspension hearing regarding her unauthorized bail enforcement activities because the LAPD had a "significant interest in immediately suspending, when felony charges are filed against them, employees who occupy positions of great public trust and high public visibility, such as police officers." *Gilbert,* 520 U.S. at 932, 117 S.Ct. 1807.

Moreover, the Board of Rights hearing process that was available to Golt was constitutionally adequate because it gave her "oral or written notice of the charges against [her], an explanation of the employer's evidence, and an opportunity to present [her] side of the story." *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 546, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985); *see also* Los Angeles City Charter, Art. X, § 1070(b), (c), (f). In addition, the post-deprivation remedies available to Golt were constitutionally sufficient. *See Cleveland Bd. of Educ.,* 470 U.S. at 547 & n. 12, 105 S.Ct. 1487. Golt appeared before the Board of Rights to contest the hit-and-run charges against her and then appealed her suspension through the California courts; she likewise could have appealed the Board's decision terminating her employment, but chose not to do so. *See* Cal.Civ.Proc.Code § 1094.5.

Finally, Golt fails to establish that her speech is protected under the California Whistleblower statute, California Labor Code section 1102.5(b). The conduct her speech disclosed—Chief Parks's alleged unfair enforcement of discipline—did not violate any federal or state statute, rule, or regulation. *See Love v. Motion Indus., Inc.,* 309 F.Supp.2d 1128, 1134 (N.D.Cal.2004) (citing *Morgan v. Re-*

*gents of Univ. of Cal.,* 88 Cal.App.4th 52, 69, 105 Cal.Rptr.2d 652 (2000)). Golt also fails to establish a causal relationship between the adverse employment action and her disclosure. To the contrary, her arrests and convictions are "substantial evidence of a legitimate, nondiscriminatory reason for the adverse employment action." *Morgan,* 88 Cal.App.4th at 68, 105 Cal.Rptr.2d 652.

Because Golt has not sufficiently asserted any cognizable primary constitutional violation, we do not reach the question whether Chief Parks is entitled to qualified immunity. *Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). For the same reason, we do not decide the question of municipal liability under *Monell v. Department of Social Services,* 436 U.S. 658, 690–91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), or *City of Canton v. Harris,* 489 U.S. 378, 380, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989).

The district court's summary judgment in favor of the appellees is

**AFFIRMED.**