508

**NORTHFIELD INSURANCE COM-
PANY, Plaintiff–counter–de-
fendant–Appellee,**

v.

**ROYAL SURPLUS LINES INSUR-
ANCE COMPANY, a corporation, De-
fendant–counter–claimant–Appellant.**

No. 06–55256.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 4, 2007.

Filed Jan. 4, 2008.

Anderson McPharlin & Conners, LLP,
Los Angeles, CA, for Plaintiff–counter–de-
fendant–Appellee.

Roy G. Weatherup, Esq., Robert A.
Wooten, Jr., Esq., Lewis Brisbois Bisgaard
& Smith, LLP, Los Angeles, CA, for De-
fendant–counter–claimant–Appellant.

Before: BOWMAN,* BRUNETTI, and
BYBEE, Circuit Judges.

MEMORANDUM **

Royal Surplus Lines Insurance Compa-
ny ("Royal") appeals the district court's
partial grant of summary judgment to
Northfield Insurance Company ("North-
field") and the district court's judgment
after a bench trial. We affirm.

Because the parties are familiar with the
facts and procedural history, we do not
restate them here except as necessary to
explain our disposition.

Under California law, a moving party
can establish by undisputed facts a breach
of the duty to settle in good faith as a
matter of law. *See Sequoia Ins. Co. v.
Royal Ins. Co. of America,* 971 F.2d 1385,
1392 n. 3 (9th Cir.1992); *Walbrook Ins. Co.
v. Liberty Mut. Ins. Co.,* 5 Cal.App.4th
1445, 7 Cal.Rptr.2d 513, 517 (1992). Here,
the district court reached the only reason-
able conclusion available to it: Royal
breached the duty to act in good faith.
The defense counsel's letters and the in-
surance expert's declaration are insuffi-
cient to undermine that conclusion.
Therefore, the district court's partial grant
of summary judgment in favor of North-
field was proper.

California law also provides that " '[a]n
insurer's breach of its duty of good faith
and fair dealing renders it liable for any
damages which are the proximate result of
that breach.' " *Larraburu Bros., Inc. v.
Royal Indem. Co.,* 604 F.2d 1208, 1212 (9th
Cir.1979) (quoting *Neal v. Farmers Ins.
Exch.,* 21 Cal.3d 910, 148 Cal.Rptr. 389,
582 P.2d 980, 988 (1978)). Therefore, the
district court did not err when it allowed
Northfield to recover settlement payments
made in excess of its policy limits.

Finally, because Royal failed to raise its
"final judgment" argument sufficiently for
the district court to rule on, we decline to
consider it now. *See In re E.R. Fegert,
Inc.,* 887 F.2d 955, 957 (9th Cir.1989).

**AFFIRMED.**

---

* The Honorable Pasco M. Bowman, Senior
  United States Circuit Judge for the Eighth
  Circuit, sitting by designation.

** This disposition is not appropriate for publi-
  cation and is not precedent except as provid-
  ed by 9th Cir. R. 36–3.