MEMORANDUM **
Francois Marland appeals from two judgments of the district court. In the first (Thelen I), the district court granted partial summary judgment against Mar-land and denied Marland’s motion for summary judgment, finding that a 2002 agreement between Marland and his prior counsel, Thelen Reid Brown Raysman & Steiner LLP (“Thelen”), was valid and enforceable. In the second (Thelen II), the district court granted a permanent injunction against arbitration proceedings brought by Marland, reasoning that the 2002 attorney-client agreement had super-ceded the parties’ 1999 agreement that contained an arbitration clause. Marland appeals the district court’s judgment in Thelen I, arguing that the district court erred by (1) holding that Thelen had not violated California Rules of Professional Conduct (“Rule”) 3-300 and 3-400 in negotiating and entering into the 2002 agreement, (2) dismissing Marland’s affirmative defense of fraud, and (3) dismissing Mar-land’s counterclaims for Thelen’s conduct in 2005. Marland also appeals the injunction issued in Thelen II, arguing that the *678 district court erred in finding that the arbitration clause in the 1999 agreement does not apply.
The facts are known to the parties, and we do not repeat them here. For the reasons set forth below, we affirm.[1]
Rule 3-300 is “not intended to apply to the agreement by which the member is retained by the client, unless the agreement confers on the member an ownership, possessory, security, or other pecuniary interest adverse to the client.” Rule 3-300, Discussion. The 2002 agreement is a renegotiated retainer agreement and Marland has not asserted that the agreement confers an adverse interest on The-len.[2] Accordingly, Rule 3-300 does not apply. Rule 3-400 prohibits a member of the California bar from settling a potential malpractice claim with a client “unless the client is informed in writing that the client may seek the advice of an independent lawyer of the client’s choice regarding the settlement and is given a reasonable opportunity to seek that advice.” Rule 3-400. Thelen informed Marland in every draft agreement that he should seek the advice of an independent lawyer, and The-len provided Marland a reasonable opportunity (over months of negotiations) to seek such advice. Marland’s claim that he did not actually receive the advice of independent counsel is irrelevant.
To establish a claim of fraud under California law, Marland must show that (1) Thelen made a false representation, (2) Thelen had knowledge of its falsity, (3) Thelen had an intent to deceive, (4) Mar-land actually and justifiably relied on the misrepresentations, and (5) Marland suffered damages. Engalla v. Permanente Med. Group, Inc., 15 Cal.4th 951, 974, 64 Cal.Rptr.2d 843, 938 P.2d 903 (1997). The district court dismissed Marland’s fraud claims for a number of reasons, including Marland’s failure to provide evidence of knowledge, intent, or reliance. Marland has not even argued on appeal that he justifiably relied on Thelen’s alleged misrepresentations. Moreover, contrary to Marland’s blanket assertions, there is no evidence that Thelen knew that its statements were false or that Thelen had an intent to deceive.
Marland has not provided any evidence of events that occurred in 2005 and has therefore failed to create a genuine issue of material fact for trial regarding Thelen’s alleged 2005 misconduct. Moreover, Mar-land has forfeited the issue by failing to raise it before the district court. Thelen moved for summary judgment on all of Marland’s counterclaims. In response to this motion, Marland never argued that the 2005 conduct should prohibit the court from granting Thelen’s motion. See In re E.R. Fegert, Inc., 887 F.2d 955, 957 (9th Cir.1989).
Arbitration provisions can survive expiration of an agreement where (1) “the *679 dispute is over a provision of the [prior] agreement” and (2) the parties have not indicated a desire to forego arbitration either “expressly or by clear implication.” Nolde Bros., Inc. v. Local No. 358, Bakery & Confectionery Workers Union, 430 U.S. 243, 255, 97 S.Ct. 1067, 51 L.Ed.2d 300 (1977). Marland’s dispute is not over a provision of the prior 1999 agreement; indeed, he specifically waived claims regarding all prior agreements in the 2002 agreement. Moreover, the parties indicated a clear intent to forego the previous arbitration provision. The 2002 agreement indicates a desire by the parties to “replace ... any and all other agreements ... with this new [a]greement as the sole agreement between them.” The arbitration provision in the 1999 agreement no longer applies.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

. We review a district court’s grant of summary judgment de novo. United States v. Johnson Controls Inc., 457 F.3d 1009, 1012—13 (9th Cir.2006). We apply three different standards in reviewing a district court’s decision to grant a permanent injunction. “We review the district court’s legal conclusions de novo. Any factual findings supporting the decision to grant the injunction will be reviewed for clear error. We review the scope of the injunction for abuse of discretion.” Scott v. Pasadena Unified Sch. Dist., 306 F.3d 646, 653 (9th Cir.2002) (internal quotation marks and citations omitted).

. Marland did not assert that the 2002 agreement contained an adverse interest either in his opening brief or reply brief. We refuse to consider arguments that were not specifically and distinctly raised in an opening brief. See Entm’t Research Group, Inc. v. Genesis Creative Group, Inc., 122 F.3d 1211, 1217 (9th Cir.1997).