HAWKINS, Circuit Judge,
dissenting:
The majority holds that although Noren raised possible ERISA violations below, she did not raise the arguments explicitly as an excuse for exhausting her administrative remedies. Noren’s response to Jefferson Pilot’s motion for summary judgment described Jefferson’s alleged violations of ERISA procedures, see 29 C.F.R. § 2560.503-1(g)(l)(v)(A), (h)(2)(iii)-(iv), (i)(5), (j)(5)(i), (l), (m)(8), and then stated as follows:
Jefferson Pilot’s procedural failures have prevented claimant from understanding what the failures were in Plaintiffs claim. Without knowing the shortcomings of the material submitted on appeal, it was useless to submit anything further, if indeed there was even anything further to submit.
Noren has therefore preserved her claim that Jefferson Pilot’s ERISA violations prevented her administrative exhaustion. *699 See In re E.R. Fegert, Inc., 887 F.2d 955, 957 (9th Cir.1989). Since the entirety of the district court’s analysis of whether No-ren was excused from exhaustion was to note that she was not “excused from doing so,” I would remand for the district court to develop the record as to this claim and its application to the ERISA regulations in the first instance.