**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALLOURE, INC., a California corporation, | No. 10-55080 |
| Plaintiff - Appellant, | D.C. No. 8:08-cv-00614-DOC-RNB |
| and | |
| JALAL ALLEN MONSHIETEHADI, an individual; ARMAN VAKILI, an individual, | MEMORANDUM[*] |
| Plaintiffs, | |
| v. | |
| FA COOPERATIVE, INC., a Missouri corporation, DBA Flooring America, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted June 9, 2011[]
Pasadena, California

Before: BEEZER, TROTT, and RYMER, Circuit Judges.

Alloure, Inc. appeals the district court's grant of summary judgment to FA Cooperative, Inc. (FAC). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

As an initial matter, FAC has waived any argument that this action is barred by res judicata by failing to raise it in district court. *Rotec Indus., Inc. v. Mitsubishi Corp.*, 348 F.3d 1116, 1119 (9th Cir. 2003). FAC's strategic choice to avoid raising res judicata in district court does not constitute an extraordinary circumstance that justifies pursuing it for the first time on appeal. *Id*.

Turning to Alloure's arguments, whether the FAC bylaws required it to exhaust FAC's internal remedies before bringing suit is waived. Alloure acknowledges that this argument was not expressly presented to the district court. In fact, its position presumed the opposite interpretation of the bylaws. We do not consider an argument on appeal that was not "raised sufficiently for the [district] court to rule on it." *O'Rourke v. Seaboard Surety Co. (In re E.R. Fegert, Inc.)*, 887 F.2d 955, 957 (9th Cir. 1989).

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Alloure's arguments that exhaustion was excused are also waived. Alloure did not raise in district court the issue of whether the appeal hearing was futile because its business had already been destroyed. Instead, it argued the hearing was futile because it had no chance to prevail due to the hostility of the hearing committee. The ostensibly similar argument Alloure made in response to FAC's writ of mandate argument concerned inadequacy of remedy instead of futility, and was made in response to a different basis for summary judgment. In any event, the argument fails because the futility exception applies when a party "can positively state that the agency has declared what its ruling will be on a particular case," not when some harm has already befallen the party. *Jonathan Neil & Assocs., Inc. v. Jones*, 94 P.3d 1055, 1067 (Cal. 2004) (internal quotation marks and alteration omitted).

Alloure also did not raise in district court its argument that exhaustion is excused because the hearing committee could not grant the appropriate relief of damages. Nor did it raise whether the committee lacked jurisdiction. The closest it came was arguing that a writ of mandate was not required because the committee possessed no particular expertise. This is merely a subset of the appropriate relief argument Alloure now advances, and it was raised in response to a different basis for summary judgment. Regardless, the argument fails because exhaustion is required even if the private remedies do not include damages. *Westlake Cmty.*

*Hosp. v. Super. Ct.*, 551 P.2d 410, 415-16 (Cal. 1976). The policy considerations in support of this rule are furthered by requiring exhaustion here: Alloure's participation would have given FAC more opportunity to minimize any damages, the committee has expertise in the matters central to this dispute, and the record for the district court would have been more developed had Alloure participated in the hearing. *See id.*

AFFIRMED.