**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 24 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: ESTATE OF FERDINAND E. MARCOS HUMAN RIGHTS LITIGATION, | No. 11-15487 |
| | D.C. No. 1:03-cv-11111-MLR |
| CELSA HILAO; ADORA FAYE DE VERA, | MEMORANDUM[*] |
| Plaintiffs - Appellees, | |
| v. | |
| THE ESTATE OF FERDINAND E. MARCOS, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Manuel L. Real, District Judge, Presiding

Argued and Submitted October 15, 2012
Honolulu, Hawaii

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1

Before: REINHARDT, THOMAS, and PAEZ, Circuit Judges.

The Estate of Ferdinand E. Marcos (hereinafter "Marcos") appeals a $353,600,000 contempt judgment awarded to a class of human rights victims (hereinafter "Hilao"). Marcos argues on appeal that, because the underlying damages judgment expired in 2005[1] and because the $100,000 per day contempt sanction upon which the contempt judgment was based was coercive in nature,[2] the contempt judgment is unenforceable. We review findings of civil contempt and the amount of a civil contempt sanction for abuse of discretion. *FTC v. Affordable Media, LLC*, 179 F.3d 1228, 1229 (9th Cir. 1999). Underlying factual findings are reviewed for clear error. *Id.* We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Marcos's argument is likely waived. The argument that Marcos made in the district court was that the contempt judgment was unenforceable under state law, because it had expired under Haw. Rev. Stat. § 657-5. The district court rejected this argument, and Marcos did not appeal that determination, although it did appeal

_____

[1] The underlying damages judgment in an action against Marcos by Hilao expired in 2005 pursuant to Hawaii's ten-year statute of limitations for civil judgments. Haw. Rev. Stat. § 657-5.

[2] The contempt judgment was issued in 2011, and it covered the failure of Marcos to pay the court's contempt sanction from 1995 to 2005.

2

the decision. Marcos now argues on appeal that the contempt judgment is unenforceable under federal law, because coercive sanctions are unenforceable when the underlying damages judgment has expired. This is a new argument, and we "do[] not consider an issue not passed upon below." *Dodd v. Hood River Cnty.*, 59 F.3d 852, 863 (9th Cir. 1995) (internal quotation and citation omitted). Marcos contends that it "obliquely" made this argument in its December 2010 status report statement. We agree that this reference was oblique; it was, in fact, a single sentence of a single paragraph of a five-page memorandum to the district court. Moreover, the paragraph lacked legal citation and began with "Put another way," suggesting that Marcos was simply restating the state law argument in different terms. Thus, Marcos did not raise this argument "sufficiently for the trial court to rule on it." *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 515 (9th Cir. 1992) (quoting *In re E.R. Fegert, Inc.*, 887 F.2d 955, 957 (9th Cir. 1989)).

Independent of waiver, we reject Marcos' argument on the merits. Even if Marcos is correct that the contempt sanction was coercive, it was also clearly compensatory.[3] The district court ordered that the $100,000 per day sanction be paid to the plaintiff, Hilao, not the court. *See Falstaff Brewing Corp. v. Miller*

---

[3] Marcos has conceded that a compensatory contempt judgment is enforceable even when the underlying damages judgment has expired.

3

*Brewing Co.*, 702 F.2d 770, 779-80 (9th Cir. 1983). Additionally, the district court explained that the $100,000 per day amount was "necessary and appropriate" because Marcos's contumacious conduct was causing direct harm to Hilao, including $55,000 per day from lost interest and additional losses due to Marcos's dilatory tactics. Because a contempt sanction can be *both* coercive and compensatory, *U.S. v. United Mine Workers of America*, 330 U.S. 258, 303-04 (1947); *Union of Prof. Airmen v. Alaska Aeronautical Ind., Inc.*, 625 F.2d 881, 883 (9th Cir. 1979), and because no party has asked the court to allocate the $100,000 per day amount between compensatory and coercive components, the district court did not abuse its discretion in treating the entirety of the $100,000 per day sanction as compensatory.

In view of the above, we hold that the $353,600,000 contempt judgment is properly enforceable by Hilao.

**AFFIRMED.**