NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY APPELLATE PANEL

OF THE NINTH CIRCUIT

| | | |
|---|---|---|
| In re: | ) | BAP No.   NV-11-1124-JuPaD |
| | ) | |
| PATRICIA NIETO, | ) | Bk. No.   09-26688 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| BAC HOME LOANS SERVICING, LP | ) | |
| f/k/a COUNTRYWIDE HOME LOANS | ) | |
| SERVICING, LP, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | M E M O R A N D U M[*] |
| | ) | |
| PATRICIA NIETO, | ) | |
| | ) | |
| Appellee. | ) | |
| _____ | ) | |

Submitted Without Oral Argument
on November 15, 2012[**]

Filed - November 28, 2012

Appeal from the United States Bankruptcy Court
for the District of Nevada

Honorable Bruce A. Markell, Bankruptcy Judge, Presiding
_____

Appearances:     Ariel Edward Stern, Esq. and Heidi Parry Stern,
Esq. of Akerman Senterfitt LLP on brief for
appellant BAC Home Loans Servicing; David M.
Crosby, Esq. and Troy S. Fox, Esq. of Crosby &
Associates on brief for appellee Patricia Nieto.
_____

_____

     [*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

     [**] This case was submitted without oral argument pursuant to a stipulation by the parties.

-1-

Before: JURY, PAPPAS, and DUNN Bankruptcy Judges.

BAC Home Loans Servicing, LP ("BAC") appeals the bankruptcy court's determination of Debtor Patricia Nieto's ("debtor") principal residence pursuant to 11 U.S.C. § 1322(b)(2)[1], arguing that the pertinent date for determining principal residence is the loan origination date. The bankruptcy court held that plan confirmation was the proper date for determination of a debtor's principal residence. While this appeal was pending, this Panel decided that the petition date was the correct date for determination of a debtor's principal residence. <u>Benafel v. One West Bank, FSB (In re Benafel)</u>, 461 B.R. 581 (9th Cir. BAP 2011). While the bankruptcy court applied an incorrect legal rule to resolve the issues in this appeal, because we agree with the outcome, we AFFIRM.

## I. FACTS

Debtor's ex-husband purchased the residence at 816 Orr Avenue, North Las Vegas, Nevada in February 1990. Debtor began to occupy the residence at that time. In June 2000, as a result of her divorce, debtor's ex-husband transferred title of the residence to debtor as her sole and separate property. In April 2006, debtor refinanced the residence with SFG Mortgage. BAC is successor in interest to SFG Mortgage.

On June 1, 2006, debtor purchased a second residence at 5308 Coleman Street, North Las Vegas, Nevada ("Coleman

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

-2-

Property"). Shortly thereafter, debtor moved into the Coleman Property and began to rent out the residence. On September 6, 2009, debtor filed for bankruptcy. On the petition date, debtor resided in the Coleman Property.

On September 9, 2009, debtor filed her Chapter 13 plan. BAC objected to debtor's plan on grounds that the value of the residence stated in the plan was too low and that the plan failed to provide any evidence of value. On December 31, 2009, debtor filed a Motion to Value Collateral for the residence. Debtor sought to reduce BAC's secured claim to the appraised value of the residence. BAC opposed the motion, contending the residence was debtor's principal residence exempt from modification pursuant to § 1322(b)(5). BAC argued that a debtor's principal residence is determined on the date the creditor takes an interest in the property, and because debtor listed the residence as her principal residence when she filled out her loan application in 2006, BAC's contractual rights were exempt from modification pursuant to § 1322(b)(5).

On October 25, 2010, the bankruptcy court granted debtor's Motion to Value Collateral, holding the critical date for determining a debtor's principal residence under § 1322(b)(5) is the plan confirmation date. On March 1, 2011, the bankruptcy court issued an order confirming debtor's Chapter 13 plan, which relied in part on the valuation order. BAC timely appealed the bankruptcy court's confirmation order.

After BAC and debtor submitted their briefs on appeal, this Panel held in a different appeal that the petition date was the correct date for determination of a debtor's principal

-3-

residence. <u>Benafel</u>, 461 B.R. 581. BAC and debtor were asked to supplement their briefs in light of <u>Benafel</u>.

## II. JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(1). This Panel has jurisdiction under 28 U.S.C. § 158.

## III. ISSUE

Whether the bankruptcy court erred in permitting debtor to modify BAC's rights in the residence.

## IV. STANDARD OF REVIEW

We review the bankruptcy court's construction of the Bankruptcy Code de novo. <u>Educ. Credit Mgmt. Corp. v. Mason (In re Mason)</u>, 464 F.3d 878, 881 (9th Cir. 2006). We may consider any issue evident on the record and may affirm on any basis supported by the record. <u>O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.)</u>, 887 F.2d 955, 957 (9th Cir. 1989). We do not reverse for errors not affecting substantial rights of the parties, and as noted, may affirm for any reason supported by the record. <u>Williams v. Levi (In re Williams)</u>, 323 B.R. 691, 696 (9th Cir. BAP 2005).

## V. DISCUSSION

In <u>Benafel</u>, this Panel answered the legal question presented in this appeal, deciding that the proper date for determination of a debtor's principal residence is the petition date. 461 B.R. 581. The only question remaining then is whether the bankruptcy court's decision that the proper date is the plan confirmation date constitutes reversible error.

On October 25, 2010, the bankruptcy court issued a

-4-

memorandum of decision. Therein, the bankruptcy court found, "[w]hen she filed for bankruptcy, debtor was living in the Coleman [Property] . . . ." BAC's opening brief also acknowledges debtor resided in the Coleman Property on the petition date. For example, BAC states, "[o]n June 1, 2006, Debtor purchased a second residence . . . . Debtor apparently moved to the Coleman property and began to rent out the [residence] around this time." Given these statements, and with no evidence to the contrary, the record supports a determination that debtor did not reside in the residence on the petition date. As a consequence, Benafel controls the outcome of this appeal.

## VI. CONCLUSION

While the bankruptcy court applied an incorrect legal rule, because debtor did not reside in the residence on the petition date, the bankruptcy court's decision does not constitute reversible error. We AFFIRM.