FILED

MAY 22 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: SHANEL ANN STASZ,<br><br>Debtor,<br><br>——————————————<br><br>SHANEL ANN STASZ,<br><br>Appellant,<br><br>v.<br><br>ROSENDO GONZALEZ,<br><br>Appellee. | No. 11-60073<br><br>BAP No. 11-1050<br><br>MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Hollowell, Kirscher, and Pappas, Bankruptcy Judges, Presiding

Submitted May 14, 2013[**]

Before:     LEAVY, THOMAS, and MURGUIA, Circuit Judges.

Chapter 7 debtor Shanel Ann Stasz appeals pro se from the Bankruptcy

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Appellate Panel's ("BAP") judgment affirming the bankruptcy court's order approving the trustee's final report and applications for compensation ("Final Report"). We have jurisdiction under 28 U.S.C. § 158(d). We review for an abuse of discretion. *Leichty v. Neary (In re Strand)*, 375 F.3d 854, 857 (9th Cir. 2004). We affirm.

The bankruptcy court did not abuse its discretion by approving the Final Report because the services for which compensation was sought were reasonably likely to benefit Stasz's bankruptcy estate and/or necessary to the administration of the case. *See id.* at 857, 860 (setting forth factors relevant to determination of a reasonable fee allowance, and noting that "[w]e will not disturb a bankruptcy court's award of attorneys' fees unless the bankruptcy court abused its discretion or erroneously applied the law" (citation and internal quotation marks omitted)).

Stasz's contentions concerning whether the bankruptcy court had jurisdiction to approve the Final Report are unpersuasive for the reasons stated by the BAP. Her contentions concerning the BAP's bias are also unpersuasive and unsupported by the record.

We do not consider arguments not properly raised before the bankruptcy court. *See O'Rourke v. Seaboard Surety Co. (In re E.R. Fegert, Inc.)*, 887 F.2d 955, 957 (9th Cir. 1989).

Stasz's request for judicial notice, set forth in her opening brief, is granted.

**AFFIRMED.**