**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 30 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KAREN VELIE,

        Plaintiff-Appellant,

v.

ADAM HILL; et al.,

        Defendants-Appellees.

No. 17-55233

D.C. No. 2:16-cv-07839-DSF-E

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted August 6, 2018
Pasadena, California

Before: CLIFTON and CALLAHAN, Circuit Judges, and HOYT,[**] District Judge.

Plaintiff-appellant, Karen Velie ("Velie"), appeals the district court's

dismissal of her complaint with prejudice under Fed. R. Civ. P. 12(b)(6). Velie

filed suit under 42 U.S.C. § 1983 and California state law. She alleged that

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Kenneth M. Hoyt, United States District Judge for the Southern District of Texas, sitting by designation.

Defendant-appellees, Adam Hill and the County of San Luis Obispo ("Defendants"), deprived her of her First Amendment rights by denying her equal access to information and retaliating against her for her reporting. We affirm.[1]

Velie has failed to state a claim for First Amendment denial of equal access. The government enjoys extraordinary discretion when selecting "private speakers to transmit specific information pertaining to its own [affairs]." *Rosenberger v. Rector & Visitors of Univ. of Va.*, 515 U.S. 819, 833 (1995). Although the First Amendment guarantees the press a limited right to gather news, *see Pell v. Procunier*, 417 U.S. 817, 833 (1974), journalists have no "constitutional right of special access to information not available to the public generally." *Branzburg v. Hayes*, 408 U.S. 665, 684 (1972); *see also Houchins v. KQED, Inc.*, 438 U.S. 1, 9 (1978) (plurality opinion) ("This Court has never intimated a First Amendment guarantee of a right of access to all sources of information within government control."); *id.* at 16 (Stewart, J., concurring in judgment) ("The First and Fourteenth Amendments do not guarantee the public a right of access to information generated or controlled by government, nor do they guarantee the

---

[1] As the parties are familiar with the facts and procedural history, we restate them only as necessary to explain our decision.

press any basic right of access superior to that of the public generally.").[2] In her complaint, Velie asserts only general allegations in support of her claim for denial of equal access to information. She does not sufficiently allege that she was uniquely deprived of public information or information that Defendants distributed to all media on a nondiscretionary basis. She has, therefore, failed to state a claim for denial of equal access.

Velie has also failed to state a claim for First Amendment retaliation. To state a claim for retaliation, Velie must allege that Defendants subjected her to adverse action because of her constitutionally protected journalistic activities. *Mulligan v. Nichols*, 835 F.3d 983, 988 (9th Cir. 2016). Velie has not done so. Defendants' refusal to grant her access to discretionary government information does not constitute retaliation because the First Amendment does not guarantee access to such information. Velie's argument that Defendants retaliated against her by publicly defaming her is also unavailing because she does not allege that Defendants' comments were accompanied by any official action that deprived her of a right or privilege. Similarly, her argument that Defendants retaliated against her by pressuring her advertisers to stop working with her is unsuccessful because

---

[2] Because Justice Stewart's view in *Houchins* was the narrowest prevailing one, it has controlling effect. *See Marks v. United States*, 430 U.S. 188, 193 (1977).

she does not allege that Defendants took or threatened to take state action if the advertisers did not accede to their requests. *See Am. Family Ass'n, Inc. v. City & Cty. of San Francisco*, 277 F.3d 1114, 1125 (9th Cir. 2002).

Moreover, Velie has waived her equal protection claim, as her entire claim rests solely on a single heading asserted in her brief filed in opposition to Defendants' motion to dismiss. The district court made no finding with regard to this claim because Velie failed to raise any argument concerning it or offer any legal authority in support thereof. Since Velie failed to properly address this claim before the district court, we need not address it now on appeal. *See In re E.R. Fegert, Inc.*, 887 F.2d 955, 957 (9th Cir. 1989) ("The rule in this circuit is that appellate courts will not consider arguments that are not properly raised in the trial courts. . . . A workable standard . . . is that the argument must be raised sufficiently for the trial court to rule on it.") (internal quotation marks and citations omitted).

Finally, we find that the district court did not abuse its discretion in granting Defendants' motion to dismiss without leave to amend. The district court may deny leave to amend if amendment would be futile. *See AE ex rel. Hernandez v. Cty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012). Velie has not provided any specific allegations that she would use to amend her complaint, either before the district court or on appeal. The district court was, therefore, within its discretion to dismiss

4

Velie's complaint with prejudice. *See Gingery v. City of Glendale*, 831 F.3d 1222, 1231 (9th Cir. 2016); *Carrico v. City & Cty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

**AFFIRMED**.