NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| CLAUDIA GARCIA, individually and on behalf of all others similarly situated,<br><br>          Plaintiff-Appellee,<br><br>  v.<br><br>ISS FACILITY SERVICES, INC., a Delaware corporation; ISS FACILITY SERVICES CALIFORNIA, INC., a Delaware Corporation; BROADRIDGE FINANCIAL SOLUTIONS, INC., a Delaware Corporation,<br><br>          Defendants-Appellants. | No.   20-15633<br><br>D.C. No. 3:19-cv-07807-RS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, Chief District Judge, Presiding

Argued and Submitted March 4, 2021
San Francisco, California

Before:  BALDOCK,[**] WARDLAW, and BERZON, Circuit Judges.

ISS Facility Services, Inc., ISS Facility Services California, Inc., and

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Bobby R. Baldock, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

Broadridge Financial Solutions, Inc. ("Defendants") appeal the district court's order denying their motion to compel arbitration of a putative wage-and-hour class action brought by Claudia Garcia. The district court determined that the parties' agreement to mediate all disputes ("Mediation Agreement") was fully integrated and superseded the parties' prior agreement to arbitrate disputes ("Arbitration Agreement"). We have jurisdiction pursuant to 9 U.S.C. § 16(a)(1)(C), and we affirm.

1. "We review *de novo* district court decisions about the arbitrability of claims." *Kramer v. Toyota Motor Corp.*, 705 F.3d 1122, 1126 (9th Cir. 2013) (internal citation omitted). When determining whether an agreement to arbitrate exists, "we apply 'general state-law principles of contract interpretation.'" *Goldman, Sachs & Co. v. City of Reno*, 747 F.3d 733, 743 (9th Cir. 2014) (quoting *Mundi v. Union Sec. Life Ins. Co.*, 555 F.3d 1042, 1044 (9th Cir. 2009)).

Under California law, an agreement is integrated, and thereby supersedes any prior oral or written agreements between the parties, if "the parties intended their writing to serve as the exclusive embodiment of their agreement." *Masterson v. Sine*, 68 Cal. 2d 222, 225 (1968); *see also* Cal. Civ. Proc. Code § 1856(a)–(b). Although "[t]he instrument itself may help to resolve that issue," any "collateral agreement itself must be examined . . . to determine whether the parties intended the subjects of negotiation it deals with to be included in, excluded from, or

otherwise affected by the writing.  Circumstances at the time of the writing may also aid in the determination of such integration."  *Masterson*, 68 Cal. 2d at 226.

The language of both the Mediation Agreement and the prior Arbitration Agreement demonstrate that the parties intended the Mediation Agreement to be their exclusive agreement regarding dispute resolution.  The language of the integration clause provides strong support for integration.  It states that the Mediation Agreement is "the full and complete agreement relating to the resolution of disputes covered by this Agreement."  The "disputes covered by [the Mediation] [A]greement" are explicitly defined in paragraphs 1 and 2 of that Agreement.  And the disputes covered by the Mediation Agreement—"any dispute, past, present or future, that EMPLOYER may have against EMPLOYEE or that EMPLOYEE may have against: (1) EMPLOYER" or specified related entities for "any claims arising out of or related to EMPLOYEE's employment or separation of employment"— are identical to the disputes that had been covered by the Arbitration Agreement.

Defendants contend that "covered by this agreement" modifies "resolution" rather than "disputes."  That cannot be.  As a matter of grammar, "qualifying words or phrases modify the words or phrases immediately preceding them and not words or phrases more remote, unless the extension is necessary from the context or the spirit of the entire writing."  *Black's Law Dictionary* 1533 (10th ed. 2014); *see also* A. Scalia & B. Garner, *Reading Law: The Interpretation of Legal Texts*

144 (2012).

Beyond the integration clause, nothing in either Agreement requires the conclusion that the Arbitration Agreement was intended to survive the effective date of the Mediation Agreement. The Mediation Agreement exempts from the requirement to "first" submit disputes to mediation any action "to a court of competent jurisdiction for temporary or preliminary injunctive relief." The reference to "a court" rather than an arbitrator in the exception is inconsistent with the survival of an obligation to arbitrate rather than litigate in court. In many sections, the Mediation Agreement repeats the text of the Arbitration Agreement verbatim, substituting the word "mediation" for "arbitration," further supporting the conclusion that the parties intended the later agreement to supersede the earlier.[1] The district court therefore did not err in determining that the Mediation Agreement is completely integrated as to dispute resolution between the parties and supersedes the Arbitration Agreement.

2. For the first time on appeal, Defendants argue that the district court erred by failing to analyze the Mediation Agreement as a novation. Although

---

[1] The only references to arbitration in the agreement appear, in context, erroneously to say "arbitration" and "arbitrator" when "mediate" and "mediator" are meant. These sentences are identical to sentences in the Arbitration Agreement; the sentences would be surplusage in one Agreement or the other if both contracts could be enforced, as Defendants maintain. In any event, the references to arbitration cannot be read to establish a general obligation to arbitrate, or to preserve a preexisting requirement to do so.

Defendants contend that the question whether district court should have applied a novation analysis is purely a matter of law, they point to no statute or case law requiring a later, integrated agreement to be analyzed under the standards applicable to determining whether the parties intended to enter into a novation. To the extent applying those standards would lead to a different result than determining whether the second agreement is fully integrated as to the subject matter covered—which we doubt it would—Defendants did not sufficiently raise this argument in the district court, and we will not address it for the first time on appeal. *See In re E.R. Fegert, Inc.,* 887 F.2d 955, 957 (9th Cir. 1989).

3. Defendants also argue for the first time on appeal that the gateway issue of arbitrability should have been decided by an arbitrator, not the district court, under the delegation clause in the Arbitration Agreement. Defendants contend that *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63 (2010), required Garcia to "challenge[] the delegation provision specifically," in the district court and by not doing so, she left "any challenge to the validity of the [Arbitration] Agreement as a whole for the arbitrator." *Id.* at 68–70. But unlike the defendant in *Rent-A-Center*, Defendants never sought enforcement of the delegation provision before the district court. Instead, Defendants explicitly sought a "judicial judgment on the merits" for the gateway questions of arbitrability, a "choice [that] was inconsistent with the agreement to arbitrate those claims." *Van Ness Townhouses v. Mar Indus.*

5

*Corp.*, 862 F.2d 754, 759 (9th Cir. 1988). Defendants' newly raised argument would penalize Garcia for not specifically challenging in the district court a provision that Defendants never gave her notice they were seeking to enforce. These circumstances satisfy the knowledge, inconsistent acts, and prejudice elements for a waiver of arbitration. *Martin v. Yasuda*, 829 F.3d 1118, 1124 (9th Cir. 2016).

AFFIRMED.