**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THERESA NOREN, | No. 09-35242 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-00034-RAJ |
| v. | |
| JEFFERSON PILOT FINANCIAL INSURANCE COMPANY, formerly a Nebraska Corporation; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted April 7, 2010[**]
Seattle, Washington

Before: GOODWIN, HAWKINS and N.R. SMITH, Circuit Judges.

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The district court correctly applied the prudential exhaustion doctrine in granting Jefferson Pilot's motion for summary judgment. The facts of this case are familiar to the parties and we need not recite them here.

ERISA does not explicitly require a participant to exhaust available internal review before bringing a claim in federal court. *See* 29 U.S.C. § 1132; *Vaught v. Scottsdale Healthcare Corp. Health Plan*, 546 F.3d 620, 625–26 (9th Cir. 2008). However, we "long ago concluded that 'federal courts have authority to enforce the exhaustion requirement in suits under ERISA, and that as a matter of sound public policy they should usually do so.'" *Vaught*, 546 F.3d at 626 (quoting *Amato v. Bernard*, 618 F.2d 559, 568 (9th Cir. 1980)). It is undisputed that 1) the plans in this case required two levels of internal administrative review and 2) Noren failed to file a second appeal. Thus, absent an applicable exception, Jefferson Pilot's motion for summary judgment was properly granted under the prudential exhaustion doctrine.

There are three exceptions to the prudential exhaustion doctrine: 1) futility; 2) inadequate remedy; and 3) unreasonable procedures. *See Vaught*, 546 F.3d at 626–27. None of these exceptions help Noren's case.

Noren argues that, once her first appeal was rejected, 1) she did not know what further information she could submit to influence Jefferson and 2) a second

appeal would thus have been futile. The claimant's bare assertion that she does not think her appeal will be successful does not demonstrate futility. *See Diaz v. United Agric. Employee Welfare Benefit Plan & Trust*, 50 F.3d 1478, 1485 (9th Cir. 1995) (rejecting a nearly identical argument).

Likewise, bare assertions are insufficient to establish the applicability of the inadequate remedy exception. Rather, this exception applies when the procedure is demonstrably inadequate or tainted by personal bias. *See Amato*, 618 F.2d at 569. Noren's only specific argument relating to inadequate procedure is that, because the letter denying her appeal did not specifically state a second appeal was required, the procedures for appeal were too vague and therefore inadequate. This argument is without merit. The appeal procedure was fully contained in the plan information, and no ERISA regulation requires that the appeals process also be outlined in denial letters. *See Diaz*, 50 F.3d at 1484–85 (rejecting an argument that a denial letter in English, which the claimant could not understand, was inadequate when the claimant had a full copy of the applicable plan in Spanish).

We have also recognized that, under 29 C.F.R. § 2560.503-1(*l*), if a plan fails to provide reasonable claims procedures, the claimant will be deemed to have exhausted her required administrative appeals. Under this theory, Noren alleges Jefferson violated ERISA requirements in a number of areas and, therefore, did not

provide or follow reasonable procedures.  We need not determine if these violations amount to unreasonable procedures.  Noren may have raised some of these violations before the district court, but she did not argue that the alleged violations excused her from exhausting her administrative remedies under 29 C.F.R. § 2560.503-1(*l*).  As it is presented for the first time on appeal, this argument is waived.  *See Singleton v. Wulff*, 428 U.S. 106, 120 (1976).

Accordingly, we AFFIRM the district court.

*Noren v. Jefferson Pilot Financial Insurance Company*, No. 09-35242

HAWKINS, Circuit Judge, dissenting:

The majority holds that although Noren raised possible ERISA violations below, she did not raise the arguments explicitly as an excuse for exhausting her administrative remedies. Noren's response to Jefferson Pilot's motion for summary judgment described Jefferson's alleged violations of ERISA procedures, *see* 29 C.F.R. § 2560.503-1(g)(1)(v)(A), (h)(2)(iii)-(iv), (i)(5), (j)(5)(i), (*l*), (m)(8), and then stated as follows:

> Jefferson Pilot's procedural failures have prevented claimant from understanding what the failures were in Plaintiff's claim. Without knowing the shortcomings of the material submitted on appeal, it was useless to submit anything further, if indeed there was even anything further to submit.

Noren has therefore preserved her claim that Jefferson Pilot's ERISA violations prevented her administrative exhaustion. *See In re E.R. Fegert, Inc.*, 887 F.2d 955, 957 (9th Cir. 1989). Since the entirety of the district court's analysis of whether Noren was excused from exhaustion was to note that she was not "excused from doing so," I would remand for the district court to develop the record as to this claim and its application to the ERISA regulations in the first instance.