FILED

NOT FOR PUBLICATION

MAY 28 2013

SUSAN M SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

In re:                                    )    BAP No.   WW-12-1260-MkKiJu
                                          )
DEVON MCKENNA and                         )    Bk. No.   11-48292-BDL
CYNTHIA MCKENNA,                          )
                                          )    Adv. No.  12-04005-BDL
                Debtors.                  )
_____           )
                                          )
DEVON MCKENNA; CYNTHIA MCKENNA,)
                                          )
                Appellants,               )
                                          )
v.                                        )    **MEMORANDUM**[*]
                                          )
MICHAEL D. HITT, Chapter 7                )
Trustee; COMMONWEALTH UNITED              )
MORTGAGE; PNC BANK, N.A.,                 )
                                          )
                Appellees.                )
_____           )

Submitted Without Oral Argument
on May 16, 2013

Filed – May 28, 2013

Appeal from the United States Bankruptcy Court
for the Western District of Washington

Honorable Brian D. Lynch, Bankruptcy Judge, Presiding

_____

Appearances:     Appellants Devon McKenna and Cynthia McKenna, pro
                 se, on brief; Cassandra Kennan and Nigel P. Avilez
                 of Davis Wright Tremaine LLP on brief, for
                 appellees Commonwealth United Mortgage and PNC
                 Bank, N.A.

_____

Before:  MARKELL, KIRSCHER and JURY, Bankruptcy Judges.

_____

   [*]This disposition is not appropriate for publication.
Although it may be cited for whatever persuasive value it may
have (see Fed. R. App. P. 32.1), it has no precedential value.
See 9th Cir. BAP Rule 8013-1.

**INTRODUCTION**[*]

Appellants Devon McKenna and Cynthia McKenna (the "McKennas") appeal the bankruptcy court's Order Granting Motion to Dismiss ("Dismissal Order"). We hereby MODIFY the bankruptcy court's Dismissal Order to provide that the adversary proceeding is dismissed based on the McKennas' lack of standing, and we AFFIRM the dismissal order, as MODIFIED.

**FACTS**

The McKennas filed a chapter 7 bankruptcy petition on October 21, 2011. They subsequently filed an adversary proceeding against appellee Commonwealth United Mortgage ("Commonwealth")[1] on January 10, 2012. This was at least the third action the McKennas brought against Commonwealth regarding the foreclosure sale of their home.

On June 28, 2005, the McKennas executed a promissory note ("Note") and deed of trust ("DOT") secured by real property located in Yelm, Washington ("Property"). The McKennas defaulted on the Note and Commonwealth recorded a substitution of trustee and notice of trustee sale ("NOS") with a scheduled sale date of

---

[*]We have exercised our discretion to independently review several electronically filed documents in the McKennas' underlying bankruptcy case and adversary proceeding in order to develop a fuller understanding of the record. See O'Rourke v. Seaboard Sur. Co. (In re E. R. Fegert, Inc.), 887 F.2d 955, 957-58 (9th Cir. 1989); Atwood v. Chase Manhattan Mortg. Co. (In re Atwood), 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

[1]Commonwealth was a division of National City Bank ("NCB") Indiana, which merged into NCB Ohio. NCB Ohio merged with PNC Bank, N.A. ("PNC"), making PNC a successor in interest to Commonwealth. For clarity, the appellees, other than Trustee Michael D. Hitt ("Hitt"), are referred to as Commonwealth unless otherwise indicated.

May 23, 2008.

On May 22, 2008, the eve of the trustee sale, the McKennas filed a lawsuit against Commonwealth and others in the United States District Court for the Western District of Washington. In their complaint, the McKennas alleged the following nine causes of action: breach of contract; wrongful foreclosure; breach of fiduciary duty; unjust enrichment; violations of the Truth in Lending Act ("TILA"); Real Estate Settlement Procedures Act ("RESPA"); Fair Debt Collection Practices Act ("FDCPA"); Consumer Protection Act ("CPA"); and Consumer Loan Act ("CLA").[2] They sought a preliminary injunction to stop the foreclosure sale, but their request was denied. Commonwealth acquired the Property at the trustee sale, and a trustee's deed conveying the Property to Commonwealth was recorded on June 3, 2008.

On June 19, 2008, the McKennas initiated a state court action against Commonwealth. The complaint was entitled "Objection to Foreclosure Sale" and identified three causes of action: defamation of title; declaratory relief; and breach of fiduciary duty. The complaint stated that "the [Property] was wrongfully sold at a non-judicial [foreclosure] sale . . . on May 23, 2008." Complaint (Jun. 12, 2008) at ¶ 11. The McKennas also discussed TILA, RESPA, FDCPA, unjust enrichment and breach of contract, which were many of the same claims brought in the federal case.

Shortly after the McKennas filed their state lawsuit, Commonwealth brought an unlawful detainer action against them,

_____

[2]The CLA and CPA claims were based on Washington law.

3

and the state court consolidated the two proceedings.

On September 9, 2008, the federal court granted summary judgment to Commonwealth[3] on all the federal (TILA, RESPA and FDCPA) claims. On September 23, 2008, the federal court also granted summary judgment as to all the remaining state claims.

The McKennas filed an amended complaint in the federal court action, alleging a TILA violation against Commonwealth again, on October 24, 2008. Commonwealth's motion to dismiss the amended complaint was granted on December 30, 2008, because the TILA claim was time barred.

On November 7, 2008, the state court granted Commonwealth's motion for summary judgment as to the validity of the foreclosure sale. The order ("Summary Judgment Order") provided that "[s]ummary judgment is granted to [Commonwealth] as [to] the . . . foreclosure sale being proper." Order for Summary Judgment (Nov. 7, 2008) at p. 2. The state court declined to grant summary judgment regarding the McKennas' CPA and breach of contract claims. The state court then issued a writ of restitution ordering the McKennas to vacate the Property.

After the state court's issuance of the Summary Judgment Order and writ of restitution, the McKennas moved for reconsideration. The reconsideration motion was denied, and the McKennas appealed. On May 10, 2011, the state appellate court

[3]Summary judgment was granted as to National City Mortgage only, not Commonwealth, because the motion only requested relief as to National City Mortgage, even though both entities were represented by the same counsel. In their Corporate Disclosure Statement, appellees refer to Commonwealth United Mortgage as a division of National City Mortgage.

4

affirmed the Summary Judgment Order and the denial of the motion for reconsideration.[4]

As previously noted, the McKennas filed for chapter 7 bankruptcy on October 21, 2011. They filed their adversary proceeding against Commonwealth about three months later. Their adversary complaint, which was styled as a combined motion for summary judgment and motion to dismiss, did not identify individual causes of action. On the last page, the McKennas set forth what appears to be a claim for wrongful foreclosure. The McKennas requested that the bankruptcy court find that the original DOT was altered with notarial and other unspecified markings,[5] which made the DOT and foreclosure void. According to the McKennas, this meant Commonwealth did not have a valid claim to the Property and it should be reconveyed back to them.

On February 9, 2012, Commonwealth moved to dismiss the McKennas' adversary complaint under the Federal Rules of Civil Procedure, Rule 12(b)(6), based on claim preclusion. It also argued that the McKennas failed to plead fraud with particularity and that a fraud claim was time barred. Finally, it asserted that the bankruptcy court lacked jurisdiction to void the foreclosure sale and to convey the Property back to the McKennas

[4]The McKennas filed a petition for review of the appellate court's ruling, but the Supreme Court of Washington denied their petition on September 7, 2011.

[5]The McKennas alleged they did not learn that Commonwealth had multiple versions of the DOT until April 14, 2009. They asserted that those versions contain a notarial acknowledgment of their signatures, but they did not sign the DOT before a notary. They also took issue with other alleged alterations, but they did not identify which markings they claim were unauthorized.

because it had been more than three and a half years since the sale, there was no right of redemption, and title to the Property had been transferred to it.

On April 18, 2012, the McKennas filed an opposition to the motion to dismiss, arguing that the issue of the alleged DOT alterations had not been heard by any court, and therefore, claim preclusion did not apply. In addition, they argued that they were not bringing a fraud claim, only suggesting that the alterations appeared to be fraudulent. They further asserted that Commonwealth and its counsel made several misrepresentations in bad faith.

On April 25, 2012, the bankruptcy court held a hearing on the motion to dismiss. After hearing argument from Commonwealth's attorney and Mr. McKenna, the bankruptcy court granted the motion to dismiss based on the McKennas' failure to state a claim upon which relief may be granted. The bankruptcy court found:

> The prior ruling of the state court on [the McKennas'] challenges to the foreclosure is res judicata on all of the issues brought there. They cannot bring their challenges to a foreclosure piecemeal. A foreclosure sale was completed. The [McKennas] had the opportunity to challenge it and to raise any and all defenses to the foreclosure, and their challenges were dismissed.
>
> It also appears that they were aware of the one challenge they specifically referenced, the notarization of the deed of trust out of their presence, at all times and failed to raise it prior to the foreclosure which constitutes waiver.
>
> Lastly, an error in the notarization, even if true, would not be the basis for the debtors to set aside the foreclosure.

Hr'g Tr. (April 25, 2012) at 16:3-17.

6

The Dismissal Order was entered on May 2, 2012, and the McKennas appealed that order on May 15, 2012.

**JURISDICTION**

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

**ISSUE**

Did the McKennas have standing to prosecute the adversary proceeding?

**STANDARD OF REVIEW**

We review de novo whether the McKennas had standing. See Palmdale Hills Prop., LLC v. Lehman Commercial Paper, Inc. (In re Palmdale Hills Prop., LLC), 654 F.3d 868, 873 (9th Cir. 2011); Veal v. Am. Home Mortg. Servicing, Inc. (In re Veal), 450 B.R. 897, 906 (9th Cir. BAP 2011).

**DISCUSSION**

There is a threshold question as to whether the McKennas had standing to pursue their wrongful foreclosure claim and have the right to continue prosecuting it by taking this appeal. The type of standing at issue herein is third party standing, which requires litigants to pursue their own legal rights and not the legal rights of others. See In re Veal, 450 B.R. at 906-07 (citing Sprint Commc'ns Co., LP v. APCC Servs., Inc., 554 U.S. 269, 289 (2008)). Third party standing is not jurisdictional; rather, it is a judicially self-imposed prudential limitation on federal court jurisdiction. Id.; see also Los Angeles v. County of Kern, 581 F.3d 841, 844-45 (9th Cir. 2009) (distinguishing between jurisdictional and prudential standing concerns).

7

The McKennas did not schedule a wrongful foreclosure claim on their personal property Schedule B or exemption Schedule C. Moreover, the claim does not appear to have been abandoned by trustee Hitt.[6] These facts lead to the conclusion that the McKennas do not have standing to prosecute the wrongful foreclosure action because it is estate property, and only the estate representative may commence an action based on claims for relief that are estate property. 11 U.S.C. § 541(a)(1); Estate of Spirtos v. One San Bernardino Cnty. Super. Ct. Case Numbered SPR 02211, 443 F.3d 1172, 1175-76 (9th Cir. 2006)(holding that trustee has exclusive right to sue on bankruptcy estate's behalf, and party that does not get consent of trustee to pursue claim lacks standing to bring action); Seymour v. Bank of America, N.A. (In re Seymour), 2013 WL 1736471 (9th Cir. BAP, Mem. Dec., April 23, 2013) (affirming dismissal of adversary complaint based on lack of standing when debtor attempted to prosecute unscheduled claim that had not been abandoned by trustee).

**CONCLUSION**

For the reasons set forth above, we hereby MODIFY the bankruptcy court's Dismissal Order to provide that the adversary proceeding is dismissed based on the McKennas' lack of standing, and we AFFIRM the dismissal order, as MODIFIED.

---

[6]On April 4, 2013, Hitt filed a final accounting and distribution, detailing the assets that were abandoned. No lawsuits were listed as abandoned.

8