**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: ) | BAP No.  NC-14-1414-KiTaD |
| ) | |
| ROSE M. VILLALON, ) | Bk. No.  13-30723 |
| ) | |
| Debtor. ) | |
| _____ ) | |
| ) | |
| ROSE M. VILLALON, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | **M E M O R A N D U M**[1] |
| ) | |
| DAVID BURCHARD, Chapter 13 ) | |
| Trustee, ) | |
| ) | |
| Appellee. ) | |
| _____) | |

Argued and Submitted on May 14, 2015,
at San Francisco, California

Filed - May 22, 2015

Appeal from the United States Bankruptcy Court
for the Northern District of California

Honorable Dennis Montali, Bankruptcy Judge, Presiding

_____

Appearances:   Albert M. Kun argued for appellant Rose M.
Villalon; Lilian Guan Tsang argued for appellee
David Burchard, Chapter 13 Trustee.

_____

Before: KIRSCHER, TAYLOR and DUNN, Bankruptcy Judges.

_____

[1] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1.

Appellant, chapter 13[2] debtor Rose M. Villalon, appeals an order of the bankruptcy court dismissing her bankruptcy case prior to confirmation. We AFFIRM.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY[3]

Rose M. Villalon filed a chapter 13 bankruptcy case on March 29, 2013. Debtor listed two properties on Schedule A: property at 619 Capitol Avenue valued at $350,000 and property at 338 Teddy Avenue valued at $450,000. Debtor disclosed on Schedule D a debt owing to Wells Fargo Home Mortgage in the amount of $380,000 and secured by a lien on the 619 Capitol Avenue property. Debtor also disclosed a debt owing to Homecomings Financial, LLC in the amount of $610,971 and secured by the 338 Teddy Avenue property. Nationstar Mortgage, LLC ("Nationstar") filed proof of claim No. 3 on May 22, 2013, and amended its claim on July 22, 2014, asserting a claim of $612,489.86, which amount includes an arrearage of $62,933.40, secured by the 338 Teddy Avenue property. Debtor filed an amended schedule D on June 7, 2013, listing Nationstar as the creditor holding a secured claim against the 338 Teddy Ave. property. Debtor filed Schedules I and J on March 29, 2013, reflecting

---

[2] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. "Rule" references are to the Federal Rules of Bankruptcy Procedure.

[3] The parties failed to include in the record on appeal some of the relevant documents; we have exercised our discretion to reach the merits of the appeal by independently reviewing the bankruptcy court's electronic docket and the imaged documents attached thereto. See O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.), 887 F.2d 955, 957-58 (9th Cir. 1988); Atwood v. Chase Manhattan Mortg. Co. (In re Atwood), 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

monthly net income of $2,140; she amended these Schedules on January 27, 2014, reflecting monthly net income of $1,051. She also disclosed an exempt retirement fund of $100,000 on Schedule C.

Debtor proposed seven chapter 13 plans; Debtor filed these plans on April 11, 2013, June 3, 2013, June 19, 2013, December 19, 2013, February 13, 2014, March 28, 2014, and July 3, 2014. The chapter 13 trustee, David Burchard ("Trustee") filed motions to dismiss Debtor's case on June 7, 2013, December 10, 2013,[4] and May 2, 2014. Nationstar joined in the Trustee's May 2, 2014 motion to dismiss.

On June 7, 2013, the date the Trustee also filed his first motion to dismiss, Debtor filed a motion to value the 338 Teddy Avenue property. Debtor maintained in her motion:

> The deed of trust is dated June 16, 2007 and was recorded July 3, 2007 as Document Number 2007-1412876-00 of official records in the Office of the Recorder of San Francisco. The original value of the lien was $450,000, currently it is $610,971. The current value of the property is $300,000.

(Dkt. No. 31 at 2). Consistent with the foregoing, in a declaration filed by Debtor in opposition to the Trustee's first motion to dismiss, Debtor stated that: she owned a rental property at 338 Teddy Avenue; Nationstar currently held the loan against the 338 Teddy Avenue property; and Debtor believed her rental income would cover the mortgage payments, taxes and insurance after the bankruptcy court determined the value of the 338 Teddy Avenue property. (Dkt. No. 41). Following a hearing and

---

[4] On February 20, 2014, the Trustee amended his December 10, 2013 motion to dismiss.

pursuant to a stipulation between Debtor and Nationstar, the bankruptcy court entered an order on September 21, 2013, valuing the 338 Teddy Avenue property at $491,000.

Debtor then filed on October 2, 2013, a motion seeking to compel Nationstar to produce the original of the promissory note. The bankruptcy court denied that motion on December 6, 2013, in part, because Debtor failed to attest under penalty of perjury that she did not sign certain Nationstar documents and that, as a result, the signatures on the documents were forgeries.

Debtor next filed on October 8, 2013, an objection to Nationstar's proof of claim arguing that:  the claim did not include a copy of the security agreement and evidence of perfection; it did not include a copy of the assignment upon which it was based; and the alleged security interest was not secured by Debtor's principal residence.

Debtor filed yet another motion on February 25, 2014, seeking once again to value Nationstar's collateral.  Debtor requested, in the second motion for valuation, that the bankruptcy court determine the amount of Nationstar's claim "based upon all documents and records on file, together with this Motion, Declaration and any such additional documents, records, and evidence which may be presented."  (Dkt. No. 91).

In his motion to dismiss filed May 2, 2014, the Trustee sought dismissal of Debtor's case under § 1307(c)(1) alleging unreasonable delay which was prejudicial to creditors and under § 1307(c)(4) alleging Debtor's failure to make timely plan payments; the Trustee asserted Debtor owed $33,764.00 in

delinquent plan payments.[5] Nationstar joined in the Trustee's motion. A docket entry made on June 18, 2014, shows the bankruptcy court continued the hearing on the Trustee's May 2, 2014 motion to dismiss and ordered Debtor to file an amended plan "that reflects that Nationstar [is] a secured creditor in the amount of $491,000 by 7/3/14, otherwise the case will be dismissed." Debtor filed a chapter 13 plan on July 3, 2014, that: increased Debtor's plan payments from $3,625 to $8,360.86 per month; listed Nationstar as having an estimated secured claim of $491,000; and provided for a monthly payment to Nationstar with zero percent interest.

Prior to the continued hearing, the bankruptcy court entered a docket text order on July 21, 2014, advising Nationstar that it should be prepared to direct the bankruptcy court to where in the record the court could find the assignment of the promissory note.

The transcript of the July 23, 2014 continued hearing on the Trustee's motion to dismiss shows that Nationstar satisfied the bankruptcy court that it held the promissory note and, after some discussion, the bankruptcy court advised Debtor's counsel that it would take up separately the consequences of Nationstar's alleged

---

[5] The figure of $33,764.00 was based upon Debtor's amended chapter 13 plan filed March 28, 2014, that provided for 60 monthly payments of $3,625 each.

The Chapter 13 Standing Trustee's Final Report and Account, filed October 17, 2014, states he received $16,223 by or on behalf of the Debtor during the pendency of the case. Regardless of when Debtor made such payments, Trustee's motion to dismiss and accompanying declaration filed May 2, 2014, establishes Debtor's delinquent payments as $33,764. Debtor failed to refute such delinquency during the July 23, 2014 hearing and, in fact, confirmed the arrears amount in the colloquy between the court and Debtor's counsel. Hr'g Tr. (July 23, 2014) 16:19-17:8; 18:23-20:20.

failure to give notice regarding the servicer of the promissory note.  Hr'g Tr. (July 23, 2014) 19:8-14.

The bankruptcy court then turned its focus to the merits of the Trustee's motion to dismiss, at which point the Trustee explained that Debtor owed approximately $110,000 in arrears under the terms of her most recent amended chapter 13 plan filed July 3, 2014:

> [T]hat's where we got the 110,000 from, was that in that plan on July 3rd, the payment reflected in the plan is $8360 a month.  And so you go back the number of months that the case is in existence, and that's what the arrearage is.[6]

Id. at 16:13-17.  When asked, Debtor's counsel stated at the July 23, 2014 hearing that Debtor had funds available to make a $33,000 payment.  Id. at 16:22-24.  The Trustee urged dismissal, but the bankruptcy court instead gave Debtor an opportunity to cure the default of $33,764, as identified in the Trustee's motion, plus one additional monthly payment of $8,360.  Id. at 18:17-20; 19:22-20:1.  The bankruptcy court again continued the hearing on the Trustee's motion to dismiss and ordered during the hearing that Debtor pay $42,124.00 "by August 6th, or the case will be dismissed."  Id. 19:22-20:1.

On August 7, 2014, the Trustee filed a declaration that Debtor had failed to pay the Trustee the sum of $44,124[7] by August 6, 2014, and to comply with the bankruptcy court's order of

---

[6] The arrearage listed in the Trustee's motion to dismiss was based on the proposed monthly payment of $3,625 set forth in Debtor's chapter 13 plan filed March 28, 2014.  Doc. No. 99.

[7] Trustee's declaration contains a typographical error.  The transcript stated $42,124, not $44,124.

July 23, 2014. On August 7, 2014, the bankruptcy court entered an order dismissing Debtor's case for her failure to comply with the bankruptcy court's July 23, 2014 order. Debtor timely appealed the dismissal of her case.

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

## III. ISSUE

Did the bankruptcy court abuse its discretion in dismissing Debtor's chapter 13 case?

## IV. STANDARD OF REVIEW

We review the bankruptcy court's dismissal of a chapter 13 bankruptcy case under any of the enumerated paragraphs of § 1307(c) for abuse of discretion. Ellsworth v. Lifescape Med. Assocs., P.C. (In re Ellsworth), 455 B.R. 904, 914 (9th Cir. BAP 2011). A bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct legal standard, or if its factual findings are illogical, implausible, or without support in inferences that may be drawn from the facts in the record. See TrafficSchool.com, Inc. v. Edriver Inc., 653 F.3d 820, 832 (9th Cir. 2011) (citing United States v. Hinkson, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc)).

## V. DISCUSSION

Debtor contends that three issues exist on appeal: whether the bankruptcy court misconstrued California Civil Code § 2937(b); whether the bankruptcy court erred in concluding that a sufficient assignment to Nationstar existed; and whether the bankruptcy court erred in dismissing Debtor's case prior to confirmation of her

-7-

plan.

The first two issues identified by Debtor on appeal did not affect the bankruptcy court's dismissal of her case. The bankruptcy court dismissed Debtor's bankruptcy case in response to Trustee's motion filed on May 2, 2014, concerning: Debtor's unreasonable delay that [was] prejudicial to creditors; Debtor's delinquency in making plan payments; and Debtor's failure to pay the Trustee the sum of $42,124 by August 6, 2014, as ordered by the bankruptcy court on July 23, 2014. The only matter properly before the Panel is whether the bankruptcy court abused its discretion in dismissing Debtor's chapter 13 case.

A debtor must not impose prejudicial, unreasonable delay on the creditors and must make timely payments to the chapter 13 trustee under § 1326(a)(1)(A) according to the amounts proposed by the chapter 13 plan. If the debtor causes unreasonable delay and fails to make timely payments to the chapter 13 trustee in accordance with a court order, the bankruptcy court may convert or dismiss the case after determining which is in the best interests of the creditors and the estate. § 1307(c).[8]

Debtor failed to make timely payments during the pendency of the case in direct contravention of § 1326(a)(1)(A) and the bankruptcy court's July 26, 2014 order. Although the bankruptcy court did not make explicit findings, we "may conduct appellate

_____

[8] Trustee and Nationstar requested only dismissal; they waived conversion by not requesting such relief and by not raising it on appeal. The bankruptcy court did not abuse its discretion by not considering conversion as an alternative. Golden v. Chi. Title Ins. Co. (In re Choo), 273 B.R. 608, 613 (9th Cir. BAP 2002)(issues not raised before the bankruptcy court or in appellant's opening brief are deemed waived).

-8-

review 'if a complete understanding of the issues may be obtained from the record as a whole or if there can be no genuine dispute about omitted findings.'" Veal v. Am. Home Mort. Servicing, Inc. (In re Veal), 450 B.R. 897, 919-20 (9th Cir. BAP 2011) (citing Gardenhire v. Internal Revenue Serv. (In re Gardenhire), 220 B.R. 376, 380 (9th Cir. BAP 1998), rev'd on other grounds, 209 F.3d 1145 (9th Cir.2000)). In reviewing the record in this appeal, a clear basis exists for the court's dismissal ruling. In re Gardenhire, 220 B.R. at 380.

Debtor commenced her chapter 13 case on March 29, 2013, and acknowledged Nationstar as a secured creditor in her schedules and numerous chapter 13 plans. Debtor also stipulated that the value of Nationstar's collateral was $491,000. Rather than proposing a feasible plan that provided for payment of the stipulated amount of Nationstar's secured claim, Debtor proposed infeasible plans and failed to make chapter 13 plan payments to the Trustee. Debtor's bankruptcy case had been pending for over sixteen months when the bankruptcy court dismissed the case on August 7, 2014, for Debtor's failure to make a timely payment of $42,124; an amount far less than what was due under the terms of the amended chapter 13 plan filed July 3, 2014. The bankruptcy court's dismissal of Debtor's bankruptcy case was not illogical or without support in the record.

As evident from the record, the bankruptcy court did not conduct the "best interests of creditors and the estate" analysis before dismissing the case. See In re Schlegel, 526 B.R. at 343 n.10. Debtor however failed to raise any issue on appeal concerning whether the bankruptcy court abused its discretion in

not explicitly considering the best interests of the creditors and the estate; Debtor has waived this "best interests" issue. In re Choo, 273 B.R. at 613.

Even if Debtor failed to waive the "best interests" issue, on this record, any such error is harmless as case dismissal promotes the best interests of creditors and the estate for these reasons: (1) Debtor failed to pay the court-ordered payment of $42,124 prior to August 6, 2014; (2) she proposed an amended July 3, 2014 plan requiring monthly payments of $8,360.86, which greatly exceed Debtor's disclosed monthly net income; (3) her most recent amended chapter 13 plan is patently infeasible; and (4) the creditors are being unreasonably delayed from pursuing available nonbankruptcy remedies when the Debtor has failed to propose a confirmable plan through the numerous chapter 13 plans filed by her over 16 months.

## VI. CONCLUSION

Based on the foregoing, we conclude that the bankruptcy court did not abuse its discretion in granting the Trustee's motion to dismiss and AFFIRM.