# FILED

**NOT FOR PUBLICATION**

FEB 11 2019



SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

## UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No. EC-18-1088-LBS |
| DONALD STEVEN PARKS, | Bk. No. 2:16-bk-23173 |
| Debtor. | |
| DONALD STEVEN PARKS, | |
| Appellant, | |
| v. | **MEMORANDUM**<sup>*</sup> |
| KIMBERLY J. HUSTED, Trustee, | |
| Appellee. | |

Argued and Submitted on January 24, 2019
at Sacramento, California

Filed – February 11, 2019

Appeal from the United States Bankruptcy Court
for the Eastern District of California

---

*This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

Honorable Christopher D. Jaime, Bankruptcy Judge, Presiding

Appearances:      Appellant Donald S. Parks argued pro se; Kristen Renfro
                  of Desmond, Nolan, Livaich & Cunningham argued for
                  Appellee.

Before: LAFFERTY, BRAND, and SPRAKER, Bankruptcy Judges.

## INTRODUCTION

Debtor Donald Parks appeals the discharge order ("Discharge Order") entered in his chapter 7[1] bankruptcy case. But the relief Mr. Parks seeks actually pertains more directly to other orders entered by the bankruptcy court, which he did not appeal. One order approved the settlement of fraudulent transfer litigation brought by the chapter 7 trustee, Kimberly J. Husted ("Trustee"), against Mr. Parks' ex-wife seeking to avoid Mr. Parks' pre-petition transfers to her of his interests in real properties (the "Compromise Order"). The other order dismissed Trustee's § 727 claims against Mr. Parks, clearing the way for him to receive his discharge (the "Dismissal Order").

Mr. Parks has not demonstrated that the bankruptcy court erred in

---

[1]Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

entering the Discharge Order. Moreover, even if we were to reverse the

Discharge Order, such reversal would not give Mr. Parks the relief he

seeks. To the extent Mr. Parks assigns error to the Compromise Order and

the Dismissal Order, we lack jurisdiction to review those orders as they

were not timely appealed.

We therefore AFFIRM.

## FACTUAL BACKGROUND[2]

In January 2015 a Kentucky state court entered a default judgment for

legal malpractice against Mr. Parks and in favor of Check Martin. At the

time judgment was entered, Mr. Parks was married to Edina Torlak and

---

[2]The Panel waived the requirement of Rule 8018(b) that Appellant file and serve an appendix to the brief containing excerpts of record. Therefore, in ascertaining the relevant facts, we have exercised our discretion to review the bankruptcy court's docket and imaged papers in Case No. 16-23173 and related adversary proceedings. *See Woods & Erickson, LLP v. Leonard (In re AVI, Inc.)*, 389 B.R. 721, 725 n.2 (9th Cir. BAP 2008).

Mr. Parks filed a "Motion for Judicial Notice" requesting the Panel to take judicial notice of certain background facts. Under Fed. R. Evid. 201(b), we may take judicial notice of facts that are not subject to reasonable dispute because they are "generally known within the trial court's territorial jurisdiction . . . or . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The factual recitation presented by Mr. Parks does not meet those criteria. We therefore deny Mr. Parks' request for judicial notice. *See Credit Alliance Corp. v. Idaho Asphalt Supply, Inc. (In re Blumer)*, 95 B.R. 143, 147 (9th Cir. BAP 1988) (bankruptcy court properly refused to take judicial notice of facts set forth in witness deposition).

held an interest in four parcels of real property, three of which were located in Louisville, Kentucky, and the fourth in Granite Bay, California (the "Properties").

Less than two weeks after entry of the malpractice judgment, Mr. Parks and Ms. Torlak filed for divorce in Kentucky state court. Pursuant to the parties' marital settlement agreement, in February and March 2015 Mr. Parks executed and recorded quitclaim deeds transferring his interests in the Properties to Ms. Torlak.[3]

In July 2015 Mr. Martin commenced a fraudulent transfer action against Mr. Parks and Ms. Torlak in Kentucky state court with respect to the transfers of Mr. Parks' interests in the three Kentucky properties. In May 2016, while the Kentucky litigation was still pending, Mr. Parks filed a chapter 7 petition. Trustee filed two adversary proceedings. The first sought denial of Mr. Parks' discharge under §§ 727(a)(2), (a)(4), and (a)(5) based on his concealment of and/or failures to disclose assets, including the Properties. The second named Ms. Torlak as defendant and sought to avoid as fraudulent and recover for the estate the transfers of Mr. Parks' interests in the Properties.

Eventually, in September 2017, Trustee reached a compromise of the fraudulent transfer litigation, which included settlement of Mr. Martin's

---

[3]According to his bankruptcy schedules, Mr. Parks' primary residence is the Granite Bay property.

state court fraudulent transfer claims. The settlement agreement provided that Ms. Torlak would pay the estate $105,000 and Mr. Martin $4,100. In return, Trustee and Mr. Martin would exchange mutual releases with Ms. Torlak, withdraw any recorded lis pendens against the Properties, and dismiss both Trustee's and Mr. Martin's fraudulent transfer actions. Mr. Parks was served with notice of the compromise but did not file an objection. The bankruptcy court approved the compromise by order entered October 18, 2017.

On October 31, 2017, Mr. Parks filed a motion to set aside the order approving the compromise. The bankruptcy court denied the motion without prejudice due to procedural defects. Mr. Parks never attempted to re-file the motion.

On February 12, 2018, after having received the $105,000 payment from Ms. Torlak, Trustee filed a motion under Civil Rule 41 (applicable via Rule 7041) to dismiss her § 727 action against Mr. Parks. On March 13, 2018, the date set for hearing on the motion to dismiss, Mr. Parks filed an untimely objection, arguing that:

> I. The Trustee has created a procedurally unfair advantage over the Debtor by, 1) filing separate adversary complaints against the debtor and his ex-wife, 2) then litigating them separately in hopes that expensive litigation would obtain a settlement offer from doctor/non-petitioner ex-wife of the Debtor, 3) while simultaneously telling the Debtor that if he filed any motion it would greatly reduce his chances of getting

5

a discharge, and 4) while knowing that as soon as she had an offer from the ex-wife she could dismiss all complaints, grant Debtor his discharge and effectively avoid having to file a motion for summary judgment or contend with any affirmative action's [sic] on the part of the Debtor.

Mr. Parks did not appear at the hearing, and the bankruptcy court entered the Dismissal Order. The next day, the Discharge Order was entered. Mr. Parks filed a timely notice of appeal of the Discharge Order.

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Whether the bankruptcy court erred in granting Mr. Parks a discharge.

## STANDARD OF REVIEW

We review the bankruptcy court's findings of fact for clear error and its conclusions of law de novo. *Adinolfi v. Meyer (In re Adinolfi)*, 543 B.R. 612, 614 (9th Cir. BAP 2016).

## DISCUSSION

During the pendency of this appeal, the Panel issued an order informing Mr. Parks that "[t]he BAP's authority is limited to review of the order on appeal. The order on appeal granted a discharge to appellant. Accordingly, the BAP's review of this appeal is limited to whether the

bankruptcy court erred in granting appellant a discharge." Despite this admonition, to the extent Mr. Parks' arguments on appeal can be discerned, they relate not to the propriety of the Discharge Order but rather the Compromise Order and the Dismissal Order. Unfortunately, his approach misconceives the functions of both the bankruptcy court and this Panel.

To begin, Mr. Parks alleges that Benjamin Carter, Mr. Martin's attorney, contacted Trustee and tainted her view of the facts so that Trustee failed to consider evidence that Mr. Parks never held any interests in the Properties. He then alleges that Trustee violated her duties by "pressuring" Mr. Parks to hold off on filing any dispositive motions in the § 727 action until after Trustee finished discovery in the fraudulent transfer litigation. According to Mr. Parks, Trustee intended to keep Mr. Parks "at bay while she leveraged costly litigation against Torlak for a settlement, planning to then quickly dismiss Appellant[']s case and grant a 'hollow' discharge, effectively denying Appellant an opportunity to defend himself." Mr. Parks contends that he did not receive an "actual" discharge because Trustee collected funds from Ms. Torlak and used it to pay creditors, when the purpose of bankruptcy is to discharge debts, not pay them.

Mr. Parks also contends that he never had any interests in the Properties and that Trustee never established that any of his conduct was blameworthy, nor did she establish that he did not receive reasonably equivalent value for the Properties.

7

Finally, he asserts that Mr. Martin's "claims" should be denied because Mr. Martin's counsel purportedly failed to inform Mr. Parks who his client was before discussing Mr. Parks' case with him.

None of these arguments are relevant to whether the bankruptcy court properly entered the Discharge Order. Because Mr. Parks has not specifically and distinctly addressed this issue, we may summarily affirm the bankruptcy court on that basis alone. *See Padgett v. Wright*, 587 F.3d 983, 986 n.2 (9th Cir. 2009) (per curiam) (appellate court "will not ordinarily consider matters on appeal that are not specifically and distinctly raised and argued in appellant's opening brief"). We also do not consider arguments on appeal that were not raised before the bankruptcy court sufficiently for the bankruptcy court to rule upon them. *See O'Rourke v. Seaboard Surety Co. (In re E.R. Fegert, Inc.)*, 887 F.2d 955, 957 (9th Cir. 1989). Mr. Parks did not object to the entry of discharge in the bankruptcy court. He thus waived the opportunity to appeal from the Discharge Order. *See In re Parmenter*, BAP No. 15-1170-TaKuJu, 2016 WL 7189829, at *2 (9th Cir. BAP Dec. 5, 2016).

To the extent Mr. Parks intended a collateral attack on the Compromise Order or the Dismissal Order, as stated, those orders are now final and incapable of attack through any appeal.[4] *See id.*

---

[4]Even if we had jurisdiction to review the Compromise Order or the Dismissal

(continued...)

## CONCLUSION

For these reasons, we AFFIRM.

---

[4](...continued)
Order, Mr. Parks did not timely present any of his arguments or appear at the hearings on the motions underlying those orders. Additionally, nothing in the bankruptcy court filings suggests a plausible basis for Mr. Parks to have had standing to object to the compromise of the fraudulent transfer action.