
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JESUS VILLEGAS; et al.,

               Plaintiffs-Appellants,

v.

CITY OF LOS ANGELES; et al.,

               Defendants-Appellees.

No.   21-56376

D.C. No.
2:20-cv-07469-SB-JC

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Stanley Blumenfeld, Jr., District Judge, Presiding

Submitted June 5, 2023[**]
Pasadena, California

Before: WALLACE and OWENS, Circuit Judges, and FITZWATER,[***] District
Judge.

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

     [***]     The Honorable Sidney A. Fitzwater, United States District Judge for the
Northern District of Texas, sitting by designation.

Plaintiffs Jesus Villegas, Lucio Villegas, Karla Jinez, Jan Breidenbach, and Dan Stormer ("Plaintiffs") appeal from the district court's denial of their Federal Rule of Civil Procedure 50(b) motion for judgment as a matter of law brought after a jury returned a verdict in favor of Defendants City of Los Angeles, City of Los Angeles Police Department, Former Police Chief Michael Moore, and Officers Jose Diaz, Miguel Diaz, Kevin Wong, and Victor Figueroa ("Defendants") on Plaintiffs' 42 U.S.C. § 1983 claim against the individual defendants, § 1983 municipal liability claim, and California Bane Act claim brought pursuant to Cal. Civ. Code §§ 52 and 52.1.[1]  All of Plaintiffs' claims are based on allegations that Plaintiffs' Fourth Amendment rights were violated when law enforcement entered their residence at approximately 1:30 a.m. after receiving a static 911 call from the residence and purportedly suspecting an emergency.  We have jurisdiction under 28 U.S.C. § 1291, and, reviewing de novo, *Lakeside-Scott v. Multnomah Cnty.*, 556 F.3d 797, 802 (9th Cir. 2009), we affirm.

---

[1] Because Plaintiffs did not move for Rule 50(b) judgment as a matter of law on their municipal liability or California Bane Act claims, we will limit our discussion to Plaintiffs' § 1983 claim against the individual defendants.  *See, e.g.*, *Steam Press Holdings, Inc. v. Hawaii Teamsters, Allied Workers Union, Loc. 996*, 302 F.3d 998, 1005 (9th Cir. 2002) (citing *In re E.R. Fegert, Inc.*, 887 F.2d 955, 957 (9th Cir. 1989)) ("[A]s a general rule courts of this circuit will not consider arguments on appeal that were not properly raised at the lower court level . . . .").

1. The district court properly denied Plaintiffs' Rule 50(b) motion because the jury's verdict was based on a reasonable interpretation of the evidence. The jury was presented evidence that law enforcement received a static 911 call at approximately 1:00 a.m., law enforcement found the front door of the residence to be unlocked, and, despite the fact that two cars were parked outside the residence, no one came to the door when law enforcement rang the doorbell three times and announced their presence through the open front door. Based on this evidence, a reasonable jury could have found that the emergency aid exception to the Fourth Amendment's warrant requirement permitted law enforcement's warrantless entry into Plaintiffs' residence. *See United States v. Snipe*, 515 F.3d 947, 953-54 (9th Cir. 2008); *Martin v. City of Oceanside*, 360 F.3d 1078, 1082-83 (9th Cir. 2004). Therefore, because a reasonable jury could have found that Plaintiffs' Fourth Amendment rights were not violated, the district court properly denied Plaintiffs' Rule 50(b) motion for judgment as a matter of law.

**AFFIRMED**.