FILED

JUL 24 2024

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>VOIP GUARDIAN PARTNERS I, LLC,<br><br>              Debtor. | BAP No. CC-24-1005-LSC<br><br>Bk. No. 2:19-bk-12607-BR |
| MARK PROTO; YOUSSEF RAHMAN;<br>TAREK KATIT; MUDMONTH, LLC;<br>ZOOM TELECOM, INC.; TEE<br>TELECOMMUNICATIONS INC.; 2365<br>AZURE LLC; OVERSEAS CHARTERS<br>INC.,<br><br>             Appellants,<br>v.<br>TIMOTHY J. YOO, Chapter 7 Trustee;<br>RODNEY OMANOFF; OMANOFF<br>AMERICA LLC; OMANOFF AMERICA<br>TELECOM, LLC; CONTACTS &<br>CONTRACTS, INC.; OWL AMERICA,<br>INC.; RICHARD OMANOFF; VOIP<br>GUARDIAN PARTNERS II, LLC;<br>THOSE CERTAIN UNDERWRITERS AT<br>LLOYDS, LONDON,<br><br>             Appellees. | MEMORANDUM* |

Appeal from the United States Bankruptcy Court
for the Central District of California
Barry Russell, Bankruptcy Judge, Presiding

---

\* This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

1

Before: LAFFERTY, SPRAKER, and CORBIT, Bankruptcy Judges.

## INTRODUCTION

After VoIP Guardian Partners I, LLC ("Debtor") filed for chapter 7[1] protection, Timothy J. Yoo, as the chapter 7 trustee (the "Trustee"), initiated an adversary proceeding seeking avoidance of several transfers pursuant to §§ 544, 547-550 of the Bankruptcy Code (the "Avoidance Action"). Captioned appellants ("Appellants") are defendants in that litigation. Some of the other defendants in the Avoidance Action (the "Omanoff Parties") settled with the Trustee.

The Trustee filed a motion before the bankruptcy court, pursuant to Rule 9019, for approval of his settlement agreement with the Omanoff Parties (the "Omanoff Settlement"). Appellants objected to approval of the Omanoff Settlement. Despite never raising the issue during several rounds of arguments on the pleadings in the adversary proceeding, Appellants argued that the Trustee lacked standing to prosecute or settle his claims in the Avoidance Action. Appellants asserted that, as a result, the bankruptcy court did not have jurisdiction to approve the Omanoff Settlement.

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, "Rule" references are to the Federal Rules of Bankruptcy Procedure, and "Civil Rule" references are to the Federal Rules of Civil Procedure.

The bankruptcy court held that Appellants lacked standing to object to the Rule 9019 motion because they did not articulate an "injury in fact" stemming from approval of the Omanoff Settlement.

We AFFIRM.

## FACTS[2]

Prepetition, Debtor was engaged in the business of telecommunications factoring. In connection with this business, Debtor entered into an agreement with Direct Lending Income Fund LP ("DLI"), through which DLI funded Debtor's purchase of telecommunications receivables and, in return, DLI obtained a security interest in all of Debtor's accounts receivable.

In March 2019, Debtor filed a chapter 7 petition.[3] Shortly after the petition date, the Trustee filed a motion requesting approval of a stipulation between the Trustee and DLI (the "DLI Stipulation"). Through the DLI Stipulation, the Trustee and DLI agreed that: (i) DLI would have an allowed secured claim in the amount of $203,459,871.69, plus any interest allowed under applicable law; and (ii) any recovery by the Trustee would pay all administrative expenses of the estate and 30% of allowed claims of

---

[2] We have taken judicial notice of the bankruptcy court docket and various documents filed through the electronic docketing system. *See O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.)*, 887 F.2d 955, 957-58 (9th Cir. 1989); *Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

[3] Debtor did not identify Appellants as creditors of the estate, Appellants did not assert any claims against the estate, and Appellants do not otherwise contend that they are owed money by the estate.

unsecured creditors before paying DLI on its secured claim. The bankruptcy court approved the DLI Stipulation, holding that the compromise was in the best interest of the bankruptcy estate.

Subsequently, the Trustee filed the Avoidance Action. In the operative second amended complaint (the "SAC"), the Trustee sought to avoid several alleged fraudulent and preferential transfers to, among others, Appellants and the Omanoff Parties pursuant to §§ 544, 547-550. The Trustee also asserted claims for breach of fiduciary duty against certain defendants. Although several defendants, including Appellants, filed motions to dismiss the SAC, the bankruptcy court held that the SAC contained adequate allegations to allow the litigation to proceed to discovery.[4]

Later, the Omanoff Parties entered into the Omanoff Settlement with the Trustee. In the Omanoff Settlement, the parties agreed that the Trustee would dismiss his claims against the Omanoff Parties in exchange for the Omanoff Parties' payment of $3 million into the estate.[5] The Trustee then filed a motion requesting the bankruptcy court's approval of the Omanoff Settlement under Rule 9019 (the "Settlement Motion").

---

[4] Interestingly, in the two motions to dismiss filed by Appellants in the Avoidance Action, Appellants never argued that the Trustee lacked standing to prosecute his claims or that the bankruptcy court lacked subject matter jurisdiction.

[5] The Omanoff Settlement also provided that the estate would receive an additional $300,000 from the insurer of an affiliate of the Omanoff Parties.

Appellants opposed the Settlement Motion. In their opposition, Appellants first asserted that they had standing to oppose the Settlement Motion because the Omanoff Settlement might preclude Appellants' defenses in the Avoidance Action. Appellants also argued that the bankruptcy court lacked jurisdiction to approve the Omanoff Settlement because the Trustee did not have standing to recover the funds that were the subject of the Avoidance Action. Specifically, Appellants asserted that DLI owned all of the funds the Trustee sought to recover, the funds were never property of the estate, and, as a result, the Trustee could not recover funds that did not belong to Debtor.

At the hearing on the Settlement Motion, the bankruptcy court allowed Appellants to appear and make their arguments. After considering Appellants' position, the bankruptcy court held that Appellants lacked standing to object to the Settlement Motion. Finding that the Omanoff Settlement otherwise satisfied the factors for approval of a compromise under Rule 9019, the bankruptcy court entered an order approving the Omanoff Settlement (the "Settlement Order"). Appellants timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (O). We have jurisdiction over the bankruptcy court's determination under 28 U.S.C. § 158.

## ISSUE

Did Appellants have standing to object to the Settlement Motion?

5

## STANDARDS OF REVIEW

We review Article III standing determinations de novo. *Tailford v. Experian Info. Sols., Inc.*, 26 F.4th 1092, 1098 (9th Cir. 2022). Questions regarding jurisdiction also are reviewed de novo. *Durkin v. Benedor Corp. (In re G.I. Indus. Inc.),* 204 F.3d 1276, 1279 (9th Cir. 2000). De novo review means that we review the matter anew, as if the bankruptcy court had not previously decided it. *Francis v. Wallace (In re Francis)*, 505 B.R. 914, 917 (9th Cir. BAP 2014).

## DISCUSSION

The United States Constitution limits federal jurisdiction to "Cases" and "Controversies." U.S. Const. art. III, § 2, cl. 1. "Standing is an 'essential and unchanging part' of this limitation." *In re Sisk*, 962 F.3d 1133, 1141 (9th Cir. 2020) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). "[A] party must establish an Article III case or controversy before [a court] exert[s] subject matter jurisdiction." *Clifton Cap. Grp., LLC v. Sharp (In re E. Coast Foods, Inc.)*, 80 F.4th 901, 905 (9th Cir. 2023) (citation omitted), *cert. denied sub nom. Clifton Cap. Grp., LLC v. Sharp*, 144 S. Ct. 1064 (2024).

"The doctrine of standing requires that a party demonstrate (1) an injury in fact, (2) a causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision." *Sisk*, 962 F.3d at 1141 (citing *Lujan*, 504 U.S. at 561). "These requirements are the 'irreducible constitutional minimum of standing.'" *Id*. (quoting *Lujan*, 504 U.S. at 560-61). The party invoking

federal jurisdiction bears the burden of establishing all the elements of standing. *In re E. Coast Foods*, 80 F.4th at 906 (citing *Lujan*, 504 U.S. at 561).

"[A] non-settling defendant, in general, lacks standing to object to a partial settlement." *Waller v. Fin. Corp. of Am.*, 828 F.2d 579, 582 (9th Cir. 1987). An exception to this general principle exists where the non-settling defendant "can demonstrate that it will sustain some formal legal prejudice as a result of the settlement." *Id.* at 583. "It is well established that such prejudice exists where a settlement purports to strip a non-settling defendant of a legal claim or cause of action, an action for indemnity or contribution for example." *Smith v. Arthur Andersen LLP*, 421 F.3d 989, 998 (9th Cir. 2005) (cleaned up).

As noted above, Appellants are not creditors of the estate and will not be impacted by the receipt, or lack thereof, of funds into the estate. There also is no dispute that the Omanoff Settlement will neither diminish nor increase any potential liability faced by Appellants in the Avoidance Action. In fact, Appellants concede that they will not suffer any pecuniary loss on account of the Omanoff Settlement. Moreover, although Appellants argued before the bankruptcy court that the Omanoff Settlement may have precluded some of their arguments under the law-of-the-case doctrine, on appeal, Appellants explicitly waived that argument.

Thus, the only "injury in fact" Appellants articulate is that the bankruptcy court's "refusal" to address their opposition to the Omanoff

Settlement deprived them of a full and fair opportunity to argue that the Trustee lacks standing to prosecute the Avoidance Action.[6] We disagree.

Nothing in the Settlement Order presents a bar to Appellants challenging the Trustee's standing to prosecute the Avoidance Action. At most, Appellants' alleged injury amounts to a complaint that, because the bankruptcy court did not address their arguments in connection with the Omanoff Settlement, a potential ruling dismissing the Avoidance Action based on Appellants' jurisdictional arguments is now delayed. However, even if such a delay qualifies as the type of formal legal prejudice that is considered an "injury in fact," which is doubtful, the delay does not have any causal connection to entry of the Settlement Order.

The proper vehicle for requesting dismissal of a lawsuit for lack of jurisdiction is Civil Rule 12(b)(1), as incorporated into adversary proceedings by Rule 7012. As even the Trustee concedes, a motion to dismiss a lawsuit for lack of jurisdiction, "including for failure to allege injury sufficient for Article III standing, **may be made at any time.**" *In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 319 (9th Cir. 2017) (emphasis added) (citing Rule 12(b)(1) and (h)(3)), *aff'd sub nom. Apple Inc. v. Pepper*,

---

[6] Appellants also note that two of the Appellants, Mark Proto and Youssef Rahman, have a separate basis to assert standing because the Trustee alleged that they are directors and officers of Debtor. In support of this argument, Appellants reference two cases involving statutory "party in interest" standing **in chapter 11 cases**. *See Creditors' Comm. of Gaslight Club, Inc. v. Fredricks (In re Gaslight Club, Inc.)*, 167 B.R. 507 (Bankr. N.D. Ill. 1994); *In re Flagstaff Foodservice Corp.*, 29 B.R. 215 (Bankr. S.D.N.Y. 1983). As Debtor's case is a chapter 7 case, these cases are inapplicable to this matter.

139 S. Ct. 1514 (2019). A party's earlier motions to dismiss under Civil Rule 12(b) "in no way foreclose[]" a party's subsequent motion to dismiss "for lack of Article III standing." *Id*.

Appellants are free to file a motion for dismissal of the adversary proceeding based on lack of jurisdiction whenever they choose to do so. To date, and despite the fact that the Avoidance Action has been pending for over three years, Appellants have not moved for such relief. Thus, entry of the Settlement Order did not cause Appellants' alleged injury; instead, any such injury is purely a product of Appellants' own failure to move more promptly for dismissal under Civil Rule 12(b)(1). As a result, Appellants have not satisfied the second element of standing, which requires a causal relationship between the injury and the Settlement Order.

On this point, Appellants argue that the bankruptcy court was required to address their arguments regarding subject matter jurisdiction despite the fact that Appellants raised the issue in a procedurally improper manner, i.e., in the bankruptcy case instead of the adversary proceeding. The cases referenced by Appellants do not support Appellants' argument. *See, e.g.*, *Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006) ("The objection that a federal court lacks subject-matter jurisdiction may be raised at any stage **in the litigation**. . . .") (emphasis added) (citation omitted). Cases like *Arbaugh* stand for the simple proposition that parties may argue lack of subject matter jurisdiction at any stage of a proceeding. Such cases do not suggest that courts are required to entertain jurisdictional arguments in an

9

improper context when the litigant otherwise lacks standing to appear in connection with the matter before the court.[7]

Having failed to allege an injury in fact that has any relationship to the entry of the Settlement Order, Appellants did not have standing to object to the Settlement Motion.[8]

## CONCLUSION

The bankruptcy court did not err in holding that Appellants lack standing to object to the Omanoff Settlement. We therefore AFFIRM.

---

[7] In their reply brief, Appellants also reference *Papas v. Buchwald Cap. Advisors, LLC (In re Greektown Holdings, LLC)*, 728 F.3d 567 (6th Cir. 2013), in support of their contention that courts are required to entertain jurisdictional arguments raised by non-settling defendants in connection with a Rule 9019 motion. However, *Greektown Holdings* involved a settlement agreement that included a bar order extinguishing non-settling defendants' claims. As such, *Greektown Holdings* essentially reached the same conclusion as the Ninth Circuit in *Waller*, namely, that non-settling defendants have standing to object to a Rule 9019 motion when their legal rights are prejudiced by the settlement. None of the authorities referenced by Appellants support their contention that a litigant who will not be impacted by a settlement nevertheless suffers an "injury in fact" when a court instructs them to raise their arguments in the proper forum.

[8] Because Appellants have not established that they meet the "irreducible constitutional minimum of standing" as required by Article III, the Panel does not need to address whether Appellants have prudential standing. *Lujan*, 504 U.S. at 560-61. In addition, "[t]he Ninth Circuit has recently questioned the continued validity of the prudential concept of bankruptcy appellate standing and the 'person aggrieved' standard." *In re Groves*, 652 B.R. 104, 113 (9th Cir. BAP 2023) (citing *Clifton Cap. Grp., LLC v. Sharp (In re E. Coast Foods, Inc.*, 66 F.4th 1214, 1218 (9th Cir. 2023), *amended and superseded by In re E. Coast Foods, Inc.*, 80 F.4th at 901. In any event, Appellants also lack prudential standing for the same reasons discussed above; Appellants have not demonstrated that the Settlement Order diminished their property, increased their burdens, or detrimentally affected their rights.